[No. 59468-6.  En Banc.  October 7, 1993.]

THE STATE OF WASHINGTON, *Petitioner,* v. MICHAEL DESHON GAINES, *Respondent.*

504

*Norm Maleng, Prosecuting Attorney, Theresa Fricke, Senior Prosecuting Attorney,* and *Peter Goldman, Deputy,* for petitioner.

*Helen A. Anderson* of *Washington Appellate Defender Association,* for respondent.

*Robert C. Boruchowitz* and *Richard B. Cowan* on behalf of Washington Defender Association, amicus curiae for respondent.

GUY, J. — The King County Prosecutor seeks reversal of a Court of Appeals decision upholding Michael Gaines's exceptional sentence below the standard range for delivery of cocaine. We remand for resentencing.

# I

## FACTS

On February 12, 1990, Seattle Police Department Officer M. Alphin made contact with Gaines while working undercover narcotics detail. Alphin asked Gaines if he had a "twenty", a street term for a $20 piece of rock cocaine. Gaines got in Alphin's car, said that he could get some cocaine, and called to a juvenile female who was on the street. The young woman walked over to the car and got into the back seat. Alphin gave Gaines a $20 bill, which Gaines handed to the juvenile female. The juvenile female then handed some cocaine to Gaines, and he gave it to Alphin. Gaines later explained that his reason for assisting in this transaction was that he hoped to obtain a small amount of cocaine for his own use from either the buyer or the seller. Shortly thereafter, Gaines and the juvenile female were arrested.

At the time of his arrest, Gaines was 19 years old. He had one prior adult felony conviction for a violation of the Uniform Controlled Substances Act, and two juvenile felony-level convictions, one for taking a motor vehicle without permission and the other for promoting prostitution. He also had misdemeanor convictions for hit and run, alcohol offense, menacing (two convictions), simple assault, theft (two convictions), trespass (three convictions), false reporting, and prostitution.

Gaines pleaded guilty to the charge of delivery of cocaine and was convicted. The standard sentence range for his offense was 31 to 41 months. The presentence investigator recommended a 36-month term. The prosecutor recommended 41 months. Defense counsel urged the court to impose an exceptional sentence consisting of 12 months in custody followed by release into the Seadrunar inpatient treatment program for a period of 9 to 12 months. In support of this request, the defense submitted a diagnostic substance abuse evaluation prepared by TASC (treatment alternatives to street crime). The TASC report details Gaines's substance abuse

problems, which apparently began when he was 14 years old. The report states that Gaines dropped out of school at the age of 16, and that he worked briefly as a janitor and an actor. The report further states that Gaines "presented a history which is consistent with a diagnosis of middle stage alcoholism, and cocaine and marijuana addiction", and concludes that his prognosis is poor. The report recommends drug treatment and states that if Gaines were to complete a residential treatment program and all recommendations of aftercare, "it is unlikely he would be as high of risk to re-offend."

The trial court gave Gaines an exceptional sentence of 12 months' confinement and 12 months of community supervision. To support the exceptional sentence, the trial court entered the following findings of fact:

> 1.3 The defendant is addicted and/or abused a number of substances, including alcohol, marijuana, heroin, amphetamines and cocaine. Defendant's prior and current criminal activity is directly related to his addiction and substance abuse dependency.
> 1.4 That a standard sentencing range of total confinement would not promote the State's interest in both punishing the defendant for his criminal offenses and rehabilitating the defendant so that future criminal offenses do not occur. Treatment professionals indicate that the defendant requires intensive inpatient treatment, beyond that which is available in the Department of Corrections facilities.
> 1.5 That defendant is amenable to a long term residential drug treatment program . . .
> 1.6 Without treatment for drug dependency, defendant is very likely to reoffend. Society would be better protected by placing defendant, at his own request, in a treatment program . . .[.]

Clerk's Papers, at 20. The trial court also cited Gaines's minor role in the crime as a basis for application of the statutory mitigating factor stated in RCW 9.94A.390(1)(f). RCW 9.94A.390(1)(f) allows for mitigation when "[t]he offense was principally accomplished by another person and the defendant manifested extreme caution or sincere concern for the safety or well-being of the victim."

The State appealed Gaines's exceptional sentence to the Court of Appeals, which affirmed the sentence. *State v. Gaines*,

65 Wn. App. 790, 830 P.2d 367 (1992). We granted the State's petition for review.

## II
### The Trial Court's Findings

The State argues that the trial court's findings of fact in support of the exceptional sentence were not adequately supported by the record. We agree with the Court of Appeals that the record adequately supported the findings.

The Sentencing Reform Act of 1981 (SRA) requires trial courts to sentence a criminal offender within a presumptive, or standard, range. RCW 9.94A.370. The trial court may impose a sentence outside the standard range — an "exceptional sentence" — when there are "substantial and compelling" reasons for doing so. RCW 9.94A.120(2). Appellate review of an exceptional sentence is governed by RCW 9.94A-.210(4), which provides in part that the reviewing court may reverse a sentence outside the standard range if the record before the sentencing judge does not support the reasons for the durational departure.

In the present case, the State challenges three of the findings the trial court provided to justify the durational departure: findings of fact 1.3, 1.4, and 1.6. A trial court's findings of fact will be upheld unless they are clearly erroneous. *E.g.*, *State v. Allert*, 117 Wn.2d 156, 163, 815 P.2d 752 (1991).

Finding of fact 1.3 states:

> The defendant is addicted and/or abused a number of substances, including alcohol, marijuana, heroin, amphetamines and cocaine. Defendant's prior and current criminal activity is directly related to his addiction and substance abuse dependency.

The TASC report states that Gaines's substance abuse problems began when he was 14 years old and have continued through the present, and that all his offenses have been drug related. The record also indicates that Gaines committed the present offense for no other purpose than to obtain a small amount of cocaine for his own use. This is sufficient to establish finding of fact 1.3.

The State also challenges the statement expressed by the second sentence of finding of fact 1.6: "Society would be better protected by placing defendant, at his own request, in a treatment program". As the Court of Appeals observed, this statement expresses a conclusion of law, not a finding of fact. *Gaines*, at 795. A conclusion of law that is erroneously denominated a finding of fact is reviewed as a conclusion of law. *Gaines*, at 795 (citing *State v. Williams*, 96 Wn.2d 215, 220-21, 634 P.2d 868 (1981)); *see also Willener v. Sweeting*, 107 Wn.2d 388, 394, 730 P.2d 45 (1986). A conclusion of law will be upheld if it is supported by the findings. *Williams*, at 220-21.

Finding of fact 1.3 provides that Gaines's drug addiction has been a cause of all his criminal activity, and the unchallenged first sentence of finding of fact 1.6 states that without treatment for drug dependency Gaines is likely to reoffend. These findings adequately support the conclusion of law contained in the second sentence of finding of fact 1.6 that society would be better protected if Gaines is given treatment for his addiction.

Finally, the State challenges the first sentence in finding of fact 1.4, which provides:

> That a standard sentencing range of total confinement would not promote the State's interest in both punishing the defendant for his criminal offenses and rehabilitating the defendant so that future criminal offenses do not occur.

This statement is also a conclusion of law and we review it as such. The trial court found that "[t]reatment professionals indicate that the defendant requires intensive inpatient treatment, beyond that which is available in the Department of Corrections facilities." Clerk's Papers, at 20. If Gaines needs drug treatment beyond what is available in Department of Corrections (DOC) facilities, and if Gaines's criminal activity is related to his drug addiction, then confinement in a DOC facility would not serve the State's interest in rehabilitation. *See* RCW 9.94A.010(5) (identifying rehabilitation as one of the SRA's goals). This adequately supports the statement expressed by the first sentence of finding of fact 1.4.

We conclude the record supports the trial court's reasons for imposing an exceptional sentence.

### III
### DRUG ADDICTION AS THE BASIS FOR AN
### EXCEPTIONAL SENTENCE

The State further contends that the trial court's reasons were not adequate as a matter of law to support an exceptional sentence below the standard range.

■ Whether the reasons supplied by the trial court justify an exceptional sentence is a question of law. *State v. Allert*, 117 Wn.2d at 163. Those reasons must be "substantial and compelling", RCW 9.94A.120(2), and must distinguish the defendant's crime from others in the same category. *E.g.*, *State v. Grewe*, 117 Wn.2d 211, 216, 813 P.2d 1238 (1991).

■ In the present case, the trial court's grounds for departing from the standard sentence range focus on Gaines's drug addiction and the fact that it was directly related to his crime. This was error. Drug addiction and its causal role in an addict's offense may not serve to justify a durational departure from a standard range sentence.

This conclusion is required under our recent decisions in *State v. Allert, supra*, and *State v. Hutsell*, 120 Wn.2d 913, 845 P.2d 1325 (1993). In *Allert*, the defendant had been convicted of two counts of armed robbery and had received an exceptional sentence below the standard sentence range. 117 Wn.2d at 158. We upheld the trial court's findings that the defendant suffered from depression, severe compulsive personality, and alcoholism, and that the combined effect of these conditions impaired the defendant's ability to appreciate the wrongfulness of his conduct. 117 Wn.2d at 166. Nonetheless, we held that these findings were inadequate to support use of the mitigating factor defined in RCW 9.94A-.390(1)(e), which provides:

> The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, was significantly impaired (voluntary use of drugs or alcohol is excluded).

We explained that intoxication by an alcoholic qualifies as voluntary intoxication under RCW 9.94A.390(1)(e), and that because the record failed to show that absent alcoholism the defendant's depression and severe compulsive personality would have caused the same cognitive impairment, the finding that the combined effect of all three conditions had caused the impairment was insufficient to justify the exceptional sentence. 117 Wn.2d at 166-67. *Allert* thus prohibits alcoholism to be relied upon as a causal factor under RCW 9.94A.390(1)(e).

In *Hutsell*, the trial court had imposed an exceptional sentence under RCW 9.94A.390(1)(e) based on the consideration that the defendant was an addict whose drug use diminished his ability to appreciate the wrongfulness of his actions. We held that RCW 9.94A.390(1)(e) excludes consideration of the unforced, and not fraudulently induced, use of drugs or alcohol as a mitigating factor, regardless of whether the defendant suffers from drug addiction. In so holding, we limited consideration of drug use as a mitigating factor under RCW 9.94A.390(1)(e) to only those circumstances in which the use might have formed the basis for a defense, that is, to those circumstances when the defendant's intoxication at the time of the offense was induced by fraud or force.

Although *Allert* and *Hutsell* focus on alcoholism and drug addiction as mitigating factors under RCW 9.94A.390(1)(e), consistency with these decisions requires disallowing substance abuse as a nonstatutory mitigating factor as well. In other words, because substance abuse may not serve as a mitigating factor pursuant to the diminished capacity provision stated in RCW 9.94A.390(1)(e), neither may it serve as a nonstatutory mitigating factor.

Attempting to avoid this conclusion, Gaines relies on *State v. Bernhard*, 108 Wn.2d 527, 741 P.2d 1 (1987), *overruled in part in State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989). Bernhard was convicted of second degree burglary. His standard sentence range was 4 to 12 months, but the trial court imposed an exceptional sentence of 12 months' confinement

in a drug treatment program based on the finding that the crime was a "direct result" of his drug addiction. Under RCW 9.94A.383, drug treatment may be required as a condition of community supervision, but only for first-time offenders. *Bernhard*, at 531. Because Bernhard was a repeat offender, the trial court could not include drug treatment as a condition of a standard community supervision sentence under RCW 9.94A.383. *Bernhard*, at 531.

The primary issue before us in *Bernhard* was whether there was some other authority for the trial court to require drug treatment. We held there was and declared that the trial court's standard sentencing authority allows it to select the place of confinement for persons sentenced to 1 year or less. *Bernard*, at 535. This includes the power to select a drug treatment facility. *Bernhard*, at 535. We further held that the exceptional sentence provision, RCW 9.94A.120(2), empowers trial courts to impose sentence conditions outside of those allowed under the standard sentence. Applying this to Bernhard's case, we held that the fact Bernhard's addiction was the "direct cause" of the crime justified the trial court in imposing drug treatment as an exceptional condition. *Bernhard*, at 543-44.

■ Gaines interprets *Bernhard* as standing for the broad proposition that a defendant's addiction may justify an exceptional sentence if there is evidence that the addiction was a "direct cause" of his criminal conduct. We reject such a broad interpretation. Bernhard's standard range sentence was for 4 to 12 months; the trial court imposed an exceptional sentence of 12 months. Hence what was exceptional about the sentence imposed in *Bernhard* was not the *length* of the sentence, but rather the *place of confinement*. Drug treatment was available as a condition of community supervision under RCW 9.94A.383, but only for first-time offenders, which Bernhard was not. Thus *Bernhard* stands only for the proposition that when a defendant's drug addiction is the direct cause of the offense, that fact may serve as justification not

for a departure from the standard sentence range, but for imposing drug treatment as an exceptional condition of a community supervision sentence under RCW 9.94A.383.

In summary, we hold that drug addiction and its causal role in an addict's criminal offense may not properly serve as justification for a durational departure from the standard range. Therefore, the fact that Gaines's drug addiction was directly related to his offense cannot be relied upon to justify a durational departure from the standard sentence range for his offense.

■ The trial court also relied upon Gaines's minor role in the offense and RCW 9.94A.390(1)(f) as justification for the exceptional sentence below the standard sentence range. An exceptional sentence may be upheld on appeal even where all but one of the trial court's reasons for the sentence have been overturned. *E.g.*, *State v. Harding*, 62 Wn. App. 245, 813 P.2d 1259 (exceptional sentence upheld where two of three aggravating factors invalidated), *review denied*, 118 Wn.2d 1003 (1991). However, remand for resentencing is necessary where it is not clear whether the trial court would have imposed an exceptional sentence on the basis of only the one factor upheld. *See, e.g.*, *State v. Henshaw*, 62 Wn. App. 135, 140, 813 P.2d 146 (1991) (remand is necessary where sentencing court placed considerable weight on invalid factors, even if other factors were valid). Here, the trial court's reasons for imposing the exceptional sentence were clearly based on considerations about Gaines's drug addiction. The court mentions Gaines's minor role in the offense only as incidental support for the durational departure. It is thus not clear whether the trial court would have imposed the exceptional sentence on the basis of only Gaines's minor role in the offense. We therefore remand for resentencing. On remand, the trial court must reconsider Gaines's role in the offense and whether it alone justifies a durational departure. If the trial court determines that it does, and if the court imposes a sentence of 1 year or less, the court may then proceed to rely upon Gaines's drug addiction and its relationship to his offense as justification for imposing the exceptional condition of drug treatment

as a part of Gaines's community supervision sentence under RCW 9.94A.383.

Finally, we comment upon the Court of Appeals' analysis of the question whether the trial court's reasons were legally sufficient to justify the exceptional sentence.

The trial court reasoned in part that because Gaines's drug addiction was directly related to his crime, the SRA's goals of rehabilitation of criminals and protecting the public would be better served by requiring Gaines to undergo drug treatment. *See* RCW 9.94A.010 (stating goals of the SRA). The Court of Appeals approved of this reasoning. *State v. Gaines*, 65 Wn. App. 790, 800-01, 830 P.2d 367 (1992). We do not.

■■ As we explained in *State v. Allert*, 117 Wn.2d 156, 169, 815 P.2d 752 (1991), "[t]he SRA was designed to provide proportionate punishment, protect the public and provide rehabilitation, and the presumptive ranges established for each crime represent the *Legislature's judgment* as to how best to accommodate those interests." For this reason a sentencing court's determination that a standard range term would not advance rehabilitative goals or would not protect the public is not adequate to justify departure from the normal sentence range. *Allert*, 117 Wn.2d at 169 (citing *State v. Pascal*, 108 Wn.2d 125, 137, 736 P.2d 1065 (1987)). Therefore, the trial court's determination here that a standard range sentence would not rehabilitate Gaines or adequately protect the public does not justify an exceptional sentence.

■ The opinion of the Court of Appeals might suggest that if the length of an exceptional sentence is nearly equal to the length of the standard range, then the exceptional sentence is justified. *Gaines*, at 797-99. It is true that the first statutorily enumerated purpose of the SRA is to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history". RCW 9.94A.010. It is also true that the reasons for an exceptional sentence are legally adequate to justify it only if they are consistent with this purpose. *State v. Estrella*, 115 Wn.2d 350, 357, 798 P.2d 289 (1990). How-

ever, the comparative length of the exceptional sentence and the standard range sentence is irrelevant to the basic question that must be addressed regarding any exceptional sentence: are there substantial and compelling reasons to justify a departure — any departure — from the normal sentence range. RCW 9.94A.120(2). If a departure from the standard range is justified, then the reviewing court may proceed to consider whether the exceptional sentence is clearly excessive or clearly too lenient, as required under RCW 9.94A.210(4)(b). At that stage in the inquiry considerations about the comparative length of the standard range sentence and the exceptional sentence may appropriately arise. The fact that an exceptional sentence is nearly as long as the standard range sentence is not alone sufficient, however, to justify a durational departure.

## IV
### DRUG TREATMENT FOR REPEAT OFFENDERS

The State further argues that the trial court lacked the authority under RCW 9.94A.383 to require inpatient drug treatment as a condition of Gaines's sentence. We disagree. RCW 9.94A.383 provides:

> On all sentences of confinement for one year or less, the court may impose up to one year of community supervision. An offender shall be on community supervision as of the date of sentencing. However, during the time for which the offender is in total or partial confinement pursuant to the sentence or a violation of the sentence, the period of community supervision shall toll.

In order for this statute to authorize the trial court to require drug treatment, it must be the case that drug treatment is available as a condition of "community supervision". The definition of "community supervision" is provided by RCW 9.94A.030(7):

> "Community supervision" means a period of time during which a convicted offender is subject to crime-related prohibitions and other sentence conditions imposed by a court pursuant to this chapter or RCW 46.61.524. For first-time offenders, the supervision may include crime-related prohibitions and other conditions imposed pursuant to RCW 9.94A.120(5).

Thus, to be available as a *standard* condition of community supervision, drug treatment must be either: (1) a crime-related prohibition; (2) some "other condition" imposed pursuant to the SRA or RCW 46.61.524 (providing for treatment of drug or alcohol problems of persons convicted of vehicular homicide or assault); or (3) imposed as part of the sentence for a first-time offender pursuant to RCW 9.94A.120(5).

As a preliminary matter, it is important to make clear that none of these options applies here, and therefore the trial court's exceptional sentencing powers must be relied upon. Option (1) is inapplicable because a "[c]rime-related prohibition" is defined to *exclude* rehabilitative requirements except for first-time offenders, which Gaines is not. RCW 9.94A.030(11). Option (2) is inapplicable because there is no "other condition" of the SRA or RCW 46.61.524 that permits drug treatment for someone such as Gaines. Option (3) only applies to first-time offenders, which, again, Gaines is not. Consequently, the trial court lacks the authority to require drug treatment as a *standard* condition of community supervision for a repeat offender such as Gaines. To impose a drug treatment requirement under a community supervision sentence for a repeat offender, the sentencing court must rely on the exceptional sentence provision of the SRA, RCW 9.94A-.120(2). We have previously held that such reliance is proper. *State v. Bernhard*, 108 Wn.2d 527, 540, 741 P.2d 1 (1987), *overruled in part in State v. Shove*, 113 Wn.2d 83, 776 P.2d 132 (1989).

The State does not dispute that if RCW 9.94A.383 applies in the present case, then the trial court could properly require drug treatment as an exceptional condition of community supervision. The State's argument is that this statute cannot be used in that manner here. RCW 9.94A.383 states in part: "On all sentences of confinement for one year or less, the court may impose up to one year of community supervision." The State asserts that this statute refers only to standard range sentences of 1 year or less, and therefore that it does not apply to Gaines because his standard range sentence was for 31 to 41 months. We reject this argument.

■ RCW 9.94A.383 does not explicitly refer to standard sentence ranges, but only to "sentences of confinement". Elsewhere in the SRA where the Legislature wanted to refer to standard range sentences, the Legislature did so explicitly. *See, e.g.,* RCW 9.94A.120. Moreover, frequently the SRA uses the unqualified term "sentence" in a context that makes it clear the reference is to the sentence actually imposed, not to the standard range sentence. *E.g.,* RCW 9.94A.120. This suggests that the unqualified use of "sentences" in RCW 9.94A-.383 should be interpreted in accordance with the unqualified use of the term elsewhere in the SRA, and therefore as referring to sentences actually imposed rather than standard range sentences.

Although we have never had occasion to address whether RCW 9.94A.383 refers to sentences actually imposed or to standard sentence ranges, the Court of Appeals has directly addressed the issue. In *State v. Wiley,* 63 Wn. App. 480, 820 P.2d 513 (1991), the court held that the standard range sentence is irrelevant for purposes of RCW 9.94A.383, and that the statute refers to sentences actually imposed. In its decision in the present case, the Court of Appeals explicitly followed *Wiley* in reaching the same interpretation. *Gaines,* 65 Wn. App. at 802.

The one decision to reach the contrary conclusion is *State v. Harper,* 62 Wn. App. 69, 813 P.2d 593 (1991), *review denied,* 118 Wn.2d 1017 (1992). There the Court of Appeals reasoned that unless the statute is interpreted as referring to standard range sentences, it "would permit wildly inconsistent sentences on essentially the same fact patterns." 62 Wn. App. at 76.

The *Harper* court's concern is appropriate, but groundless in the present context. Even if RCW 9.94A.383 were interpreted as referring to standard sentence ranges, trial judges would still have the discretion either to require or not to require drug treatment as a condition of community supervision. Such "inconsistencies" are inherent in trial court discretion. Interpreting RCW 9.94A.383 as referring to sentences actually imposed rather than standard sentence ranges does

not significantly alter this scheme. It merely means that requiring drug treatment is within the trial court's discretion as regards a defendant whose *exceptional* sentence is for 1 year or less, not only for a defendant whose standard range sentence is for 1 year or less.

Moreover, drug addiction is not, as was argued above, a basis for a durational departure from the standard sentence range. Therefore, drug treatment as a condition of community supervision is available under RCW 9.94A.383 only in those situations where there are other circumstances besides addiction to justify an exceptional sentence of 1 year or less. Thus, the only way inconsistencies in sentencing can arise is among offenders who are drug addicts and who have received an exceptional sentence for reasons other than their addictions. This is a quite different situation than the one that would arise were drug addiction itself recognized as a ground for an exceptional sentence. While such exceptional sentencing option may be appropriate, it is the Legislature that must make it available, to include treatment funding.

We hold that RCW 9.94A.383 applies to all sentences actually imposed of 1 year or less, regardless of the standard range sentence. Because Gaines's exceptional sentence was for 12 months' confinement, the statute does apply.

## V
### CONCLUSION

In conclusion, the trial court's reasons for imposing an exceptional sentence were adequately supported by the record. However, the court erred in relying on the fact that Gaines's drug addiction was directly related to his offense as a basis for a durational departure from the standard sentence range. The only mitigating factor the trial court properly relied upon was Gaines's minor role in the offense. Because it is not clear whether the court would have departed from the standard sentence range on the basis of this factor alone, we remand for resentencing.

If on remand the sentencing court again imposes an exceptional sentence of 1 year or less, then the community super-

vision provision of RCW 9.94A.383 applies. Gaines's drug addiction and its direct relationship to his offense may be relied upon to justify imposing drug treatment as a condition of a community supervision sentence under RCW 9.94A.383.

Remanded for resentencing.

ANDERSEN, C.J., and BRACHTENBACH, DURHAM, and SMITH, JJ., concur.

UTTER, J. (dissenting) — I dissent. In this case the majority holds that drug addiction can *never* as a matter of law be a factor supporting a deviation from the standard sentence range. In its zeal to give effect to the language of RCW 9.94A.390(1)(e), this court seriously undermines one of the basic functions the Sentencing Reform Act of 1981 (SRA) was designed to achieve, the structuring, rather than the elimination, of trial court discretion.

There is an unfortunate logic to the majority's holding in this case. In retrospect, it is apparent that it culminates a process by which we have progressively divested the trial court of sentencing discretion in cases involving substance addiction. I do not believe the SRA, nor our case law construing it, supports that result.

RCW 9.94A.390 provides:

If the sentencing court finds that an exceptional sentence outside the standard range should be imposed in accordance with RCW 9.94A.120(2), the sentence is subject to review only as provided for in RCW 9.94A.210(4).

The following are illustrative factors which the court may consider *in the exercise of its discretion* to impose an exceptional sentence. The following are illustrative only and are not intended to be exclusive reasons for exceptional sentences.

(1) Mitigating Circumstances

. . . .

(c) The defendant committed the crime under duress, coercion, threat, or a compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct.

. . . .

(e) The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of

the law, was significantly impaired (voluntary use of drugs or alcohol is excluded).

(Italics mine.)

It is one thing to hold that drug addiction does not qualify as a mitigating factor under subsection (1)(e) of the statute, clearly a result the Legislature intended. It is another thing entirely to rob the trial court of discretion to consider the defendant's actions within the context of his or her particular circumstances. Nothing in the statutory design, in subsection (1)(e), or in our case law prohibits the trial court from fashioning the defendant's sentence in view of the circumstances the trial court deems relevant to this particular defendant.

The cases on which the majority relies do not hold that drug and alcohol addiction can never, under any set of circumstances, inform the trial court's judgment in fashioning the defendant's sentence. Rather, they hold that substance abuse *in and of itself* does not entitle the defendant to a lesser sentence under RCW 9.94A.390. *See State v. Pennington*, 112 Wn.2d 606, 611, 772 P.2d 1009 (1989) ("a drug or alcohol problem *in and of itself* is not a substantial or compelling reason justifying imposition of an exceptional sentence" under RCW 9.94A.120) (italics mine); *State v. Estrella*, 115 Wn.2d 350, 359, 798 P.2d 289 (1990) (an exceptional sentence is proper only where the circumstances of the crime distinguish it from others in the same statutory category) (citing and elaborating *Pennington*, 112 Wn.2d at 610-11). *See also State v. Allert*, 117 Wn.2d 156, 815 P.2d 752 (1991) and *State v. Hutsell*, 120 Wn.2d 913, 845 P.2d 1325 (1993) (alcoholism and drug addiction are not *alone* sufficient to qualify as a substantial and compelling circumstance supporting an exceptional sentence under RCW 9.94A.390(1)(e)).

In this case, Gaines' addiction to drugs, alone, would be insufficient as a matter of law to entitle him to a lesser sentence. However, his addiction is something the court should be permitted to consider in evaluating both the circumstances under which he came to commit the offense and his culpability.

MADSEN, J. (dissenting) — The Sentencing Reform Act of 1981 (hereafter referred to as the SRA) was enacted by the Washington State Legislature to serve several purposes which are enumerated in the "Purpose" section of the SRA, RCW 9.94A.010.

> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
> (2) Promote respect for the law by providing punishment which is just;
> (3) Be commensurate with the punishment imposed on others committing similar offenses;
> (4) Protect the public;
> (5) Offer the offender an opportunity to improve him or herself; and
> (6) Make frugal use of the state's resources.

RCW 9.94A.010 (in part).

The Legislature has not indicated that any one of these objectives is any more significant than another. However, in construing the SRA, this court has determined that the primary objectives of the statute are to ensure punishment, protect the public, and offer rehabilitative opportunities. *State v. Rice*, 98 Wn.2d 384, 655 P.2d 1145 (1982); *State v. Bernhard*, 108 Wn.2d 527, 741 P.2d 1 (1987).

At times there is tension among these acknowledged purposes.

> The tension between utilitarian purposes, in which the goal is to accomplish some future objective, and principles of retribution and desert, which focus on what has occurred in the past, is deep and persistent. Historically, most theoreticians have denied the possibility that these purposes could be integrated. . . .
> . . . The Sentencing Reform Act's statement of purposes is drawn from and based upon the thesis that this integration can be accomplished.
>
> . . . .
> . . . [I]t is clear that the Act does not accept the argument of those theoreticians who argue for just deserts as the sole purpose for which punishment should be imposed.

*State v. Barnes*, 117 Wn.2d 701, 715-16, 818 P.2d 1088 (1991) (Dolliver, J., dissenting) (quoting D. Boerner, *Sentencing in Washington* 2-30 through 2-34 (1985)).

As Justice Dolliver observed, "[w]hile arguably at odds with the ideal of just deserts, these utilitarian objectives are no less a part of the overall scheme of the SRA." *Barnes*, at 715 (Dolliver, J., dissenting).

The drafters of the SRA noted in the "Purpose" section that the statute "does not eliminate . . . discretionary decisions affecting sentences". RCW 9.94A.010. This is in line with earlier decisions from this court. *See State v. Oxborrow*, 106 Wn.2d 525, 723 P.2d 1123 (1986) (adopting an abuse of discretion standard based on the language of RCW 9.94A.010); *see also State v. Stalker*, 42 Wn. App. 1, 707 P.2d 1371 (1985) (noting that RCW 9.94A.390 provides some discretion in determining what factors may justify departure from the standard range), *review denied*, 107 Wn.2d 1018 (1986). Courts interpreting the federal sentencing reform act have likewise held that the sentencing guidelines do not abolish the trial court's discretion in regard to standard range departures. In *United States v. Rogers*, 972 F.2d 489, 493 (2d Cir. 1992), the court cataloged the numerous nonstatutory mitigating circumstances justifying, in the judge's discretion, an exceptional sentence downward. *See also United States v. Johnson*, 964 F.2d 124, 129 (2d Cir. 1992) (number, age, and circumstances of children in sole custodial care of defendant constitute "extraordinary parental responsibilities" warranting departure); *United States v. Skinner*, 946 F.2d 176, 179 (2d Cir. 1991) (departure could be considered from guidelines range for money laundering where there was only de minimis evidence that transaction was entered into to promote or conceal narcotics trafficking); *United States v. Jagmohan*, 909 F.2d 61, 65 (2d Cir. 1990) (downward departure may be warranted for defendant's lack of sophistication in "unsurreptitiously" bribing official with personal check); *United States v. Lara*, 905 F.2d 599, 602 (2d Cir. 1990) (downward departure warranted where defendant's physical and emotional condition made him particularly vulnerable in a prison setting); *United States v. Mickens*, 926 F.2d 1323, 1332 (2d Cir. 1991) (a defendant who exhibits a higher degree of contrition than contemplated by United States Sentencing Comm'n, *Guidelines Manual* §

3E1.1 (Nov. 1990) "may, in an appropriate case, [receive] a downward departure."), *cert. denied*, ___ U.S. ___, 117 L. Ed. 2d 111, 112 S. Ct. 940 (1992). "The drafters of the [Washington] statute recognized that 'not all exceptional fact patterns can be anticipated', Washington Sentencing Guidelines Comm'n, *Implementation Manual* § 9.94A.390, Comment (1984), and that the sentencing court must be permitted to tailor the sentence to the facts of each particular case." *Oxborrow*, at 530. RCW 9.94A.390, which sets out illustrative statutory factors constituting mitigating circumstances for a standard range departure, states that "[t]he [examples] are illustrative only and are not intended to be exclusive reasons for exceptional sentences." RCW 9.94A.390.

Contrary to the majority's position, this court has recognized that voluntary use of drugs and alcohol can be a nonstatutory factor supporting an exceptional sentence downward. *State v. Bernhard, supra*. In *Bernhard*, the trial court had imposed an exceptional sentence based on the following "substantial and compelling reasons" under RCW 9.94A.120: (1) the defendant's past and current criminal behavior was a direct result of his addiction; (2) that the defendant asked for the opportunity to be placed in long-term inpatient treatment; (3) that incarceration without treatment would not prevent the commission of further crimes; (4) and that both society and the defendant would be better protected by placing the defendant in a treatment facility. The trial court heard expert testimony in support of these findings. *Bernhard*, at 543.

The State challenged the propriety of considering the defendant's addiction to drugs and alcohol in support of an exceptional sentence pursuant to RCW 9.94A.390. In a unanimous decision, this court held that there are circumstances under which addiction may properly provide a nonstatutory mitigating circumstance to justify a departure from the standard sentencing range. *Bernhard*, at 543. This court then found the reasons relied on by the lower court were both supported by the facts and constituted "substantial and com-

pelling reasons justifying an exceptional sentence." RCW 9.94A.120(2). *Bernhard*, at 544-45.

As it did in *Bernhard*, the State now argues that because voluntary use of drugs or alcohol cannot support a statutory mitigating circumstance under RCW 9.94A.390(1)(e), neither can it serve to support a nonstatutory mitigating circumstance. We rejected this argument in *Bernhard* pointing out that the statutory mitigating circumstance in RCW 9.94A-.390(1)(e) deals explicitly with the defendant's capacity to appreciate the wrongfulness of his crime. Conversely, the trial court considered Bernhard's addictions as "a direct cause of Bernhard's criminal conduct, from which the public could not be protected unless Bernhard received treatment for his addictions." *Bernhard*, at 543.

As additional authority, the State now cites *State v. Allert*, 117 Wn.2d 156, 815 P.2d 752 (1991) and *State v. Hutsell*, 120 Wn.2d 913, 845 P.2d 1325 (1993) as support for its argument. However, neither of these cases supports a departure from our holding in *Bernhard*. In *Allert*, this court was restricted by clear language prohibiting reliance on voluntary drug and alcohol use to support an exceptional sentence pursuant to RCW 9.94A.390(1)(e).[1] Later, *Hutsell* interpreted the meaning of "voluntary" in RCW 9.94A.390(1)(e) as including drug or alcohol addiction. *Hutsell* also construed the term "compulsion" in RCW 9.94A.390(1)(c).[2] By applying the doctrine of ejusdem generis, the court noted that the other terms in that section connoted influence coming from an outside source.

---

[1]"(1) Mitigating Circumstances

" . . . .

"(e) The defendant's capacity to appreciate the wrongfulness of his conduct or to conform his conduct to the requirements of the law, was significantly impaired (voluntary use of drugs or alcohol is excluded)." RCW 9.94A.390(1)(e).

[2]"(1) Mitigating Circumstances

" . . . .

"(c) The defendant committed the crime under duress, coercion, threat, or compulsion insufficient to constitute a complete defense but which significantly affected his or her conduct." RCW 9.94A.390(1)(c).

Based on the meaning given these other terms, the court disallowed consideration of voluntary drug or alcohol addiction as factors supporting an exceptional sentence. As in *Allert*, the *Hutsell* court was constrained by the language of statutory provisions.

In this case, we are considering a nonstatutory basis and are not, therefore, confronted by the same constraints of language. Nothing in either *Hutsell* or *Allert* compels a departure from our decision in *Bernhard* allowing a trial court to consider drug or alcohol addiction as one of the nonstatutory mitigating factors justifying imposition of an exceptional sentence. Moreover, this court has approved *Bernhard* in *State v. Pennington*, 112 Wn.2d 606, 772 P.2d 1009 (1989) and *State v. Estrella*, 115 Wn.2d 350, 358, 798 P.2d 289 (1990).

In *Pennington*, this court reviewed an exceptional sentence supported by a finding of drug addiction. In that case, the trial court findings were nearly identical to those listed in *Bernhard*. The difference, the court found, was that none of the findings were supported by the record except that the defendant had a drug or alcohol problem. *Pennington*, at 609. Rather than overruling *Bernhard*, the court distinguished it, finding that drug or alcohol addiction alone cannot support an exceptional sentence. *Pennington*, at 611. Again, in *Estrella*, this court cited *Bernhard* with approval saying that "[w]e do not dispute the contention that under some circumstances rehabilitative conditions may be imposed as part of an exceptional sentence." *Estrella*, at 358.

The crux of my dispute with the majority is whether consideration of the circumstances presented by an individual defendant may, under exceptional circumstances, constitute the basis for a standard range departure. In *Pennington*, *Estrella*, and other cases, this court has observed that an exceptional sentence is appropriate only when the circumstance of the crime is distinguished from other crimes in the same category. *Estrella*, at 359. To the extent that these cases can be read to hold that a sentencing court may *not* base an exceptional sentence on circumstances which distinguish one defendant from another, our cases are in conflict.

In *State v. Nordby*, 106 Wn.2d 514, 516, 723 P.2d 1117 (1986), the fact that the defendant acted intentionally rather than merely recklessly in a vehicular assault case was a "substantial and compelling" reason to depart from the standard range. Likewise, in *State v. Creekmore*, 55 Wn. App. 852, 860, 783 P.2d 1068 (1989), *review denied*, 114 Wn.2d 1020 (1990), the defendant's lack of remorse was held to be a "substantial and compelling" reason to support an exceptional sentence. *Accord, State v. Ratliff*, 46 Wn. App. 466, 470, 731 P.2d 1114 (1987). In these cases we affirmed exceptional sentences based on the defendant's state of mind or level of remorse, necessarily peculiar to the defendant.

Rather than read our cases so narrowly, I would find that what is exceptional may also relate to the defendant's individual situation as it relates to the commission of the crime when supported by the record and constituting "substantial and compelling" reasons to depart from the standard range. This, as noted earlier, is the direction in which the federal cases are bound.

Moreover, such a reading is in harmony with RCW 9.94A-.390(1)(b) which states that the court can depart from the standard range where

> Before detection, the defendant compensated, or made a good faith effort to compensate, the victim of the criminal conduct for any damage for injury sustained.

This statutory factor takes into consideration a circumstance, specific to the defendant, which differentiates him or her from other defendants. *See* Junker, *Guidelines Sentencing: The Washington Experience*, 25 U.C. Davis L. Rev. 715, 744-46 (1992).

Applying the criteria of *Bernhard* and *Pennington* to the facts in this case, the exceptional sentence given by the trial court is justified by "substantial and compelling" circumstances which distinguish it from other crimes or criminals in the same category. The defendant in this case was a young man who committed a minor drug offense for the purpose of acquiring a small quantity of drugs to support his own habit. Based on the record, the Court of Appeals correctly con-

cluded that the factors relied on by the trial court to impose an exceptional sentence were supported by the evidence. Expert testimony was offered to support the court's findings that (1) the defendant was drug and/or alcohol addicted; (2) that the defendant's prior and current criminal activity was directly related to his addiction; (3) that intensive, inpatient treatment was required to rehabilitate the defendant so that future criminal offenses would not occur; (4) that such treatment was not available in the Department of Corrections; and (5) that the defendant was amenable to treatment and desired to have such treatment. These findings are virtually identical to those in *Bernhard* which this court found to be "substantial and compelling". I would likewise find that the factors relied on here were substantial and compelling and would affirm the exceptional sentence in this case.

The majority's second conclusion is also contrary to prior cases from this court. The majority finds that even if drug or alcohol use may form the basis for a court to find "substantial and compelling" reasons to justify an exceptional sentence, the court may depart only from standard conditions, not from standard duration. In *Bernhard*, this court determined that a departure from standard conditions, as with standard duration, requires the court to find "substantial and compelling" reasons to grant an exception under the SRA. *Bernhard*, at 543. "Once this requirement has been met, however, the sentencing court is permitted to use its discretion to determine the precise length of the exceptional sentence." *Oxborrow*, at 530. Thereafter, the only review will be to determine whether the sentence is "clearly excessive" or "clearly too lenient". RCW 9.94A.210(4)(b). While the majority wishes to limit the discretion of the trial court to imposing exceptional conditions after it has found "substantial and compelling" reasons to grant an exceptional sentence, this is not supported by any decision of this court.

Trial court judges are asking this court to allow them to impose sentences which they believe are appropriate under the totality of circumstances. *Hutsell*, at 924. *See also State*

*v. Harper*, 62 Wn. App. 69, 78, 813 P.2d 593 (1991), *review denied*, 118 Wn.2d 1017 (1992). We have set up the framework for this in the *Bernhard* decision. I see nothing which compels a reversal of that case, the result of which will be to further limit judges in the exercise of their discretion. We must take care when interpreting the SRA that we do not eliminate "justice" from the criminal justice system by so far limiting the trial court's discretion to impose an exceptional sentence where the facts and circumstances of a particular case justify the court's actions. Consideration of the human being in the context of the crime is at the heart of judging. We should recognize that judges are highly trained professionals who, having the parties before them, are in the best position to dispense justice.

JOHNSON, J., concurs with MADSEN, J.