IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33838-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| STEVEN RUIZ-SIBAJA, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Steven Ruiz Sibaja appeals from an order revoking his special

sexual offender sentencing alternative (SSOSA), arguing that the court abused its

discretion. Because the parties agree that one of the two reasons for revocation was

improper and we are uncertain whether the court would have made the same ruling in

consideration of only the valid factor, we reverse and remand for a new revocation

hearing.

FACTS

Mr. Sibaja was given a SSOSA sentence after he pleaded guilty to one count of

first degree child rape. Among the conditions imposed as part of the judgment and

sentence were that he (1) not possess or peruse pornography and (2) not consume alcohol.

After more than a year of apparently unavailing treatment, the State moved to revoke the sentence for violation of the two noted sentencing conditions.

The pornography concern arose after he revealed, during a polygraph examination, that a 21-year-old woman had sent naked pictures of herself to his phone and he had received and viewed them. He also revealed that he had consumed wine. At the hearing he explained that he had consumed small amounts of wine at church and with a friend at Christmas. He also explained that his friend had sent him pictures of her breasts.

Mr. Sibaja's treatment providers and the corrections officer all recommended that the court revoke the SSOSA. In part they questioned how honest Mr. Sibaja was being with them and expressed concerns that he was not progressing in treatment.

The court granted the motion, concluding that Mr. Sibaja had violated the pornography and alcohol conditions. The court concluded that it was "just not going to work so I think revocation is appropriate and I so order." 3 Report of Proceedings at 128. A written order revoking the SSOSA was entered. Mr. Sibaja timely appealed to this court.

## ANALYSIS

The sole issue presented by this appeal is whether the court erred in revoking the SSOSA. Because the parties agree that one of the bases for revocation was unconstitutionally vague, we remand the matter to the court to once again consider whether or not to grant the motion.

In general, a SSOSA is a sentencing alternative that permits some sexual offenders the ability to receive a suspended sentence and undergo treatment if they are amenable to it. RCW 9.94A.670. The sentencing court imposes conditions of the suspended sentence, including prohibitions on behavior. RCW 9.94A.670(5)(d). The SSOSA may be revoked if the offender fails to make satisfactory treatment or violates any conditions of the suspended sentence. RCW 9.94A.670(10); *State v. Dahl*, 139 Wn.2d 678, 682-83, 990 P.2d 396 (1999). The decision to revoke a suspended sentence is reviewed for abuse of discretion. *State v. Kuhn*, 81 Wn.2d 648, 650, 503 P.2d 1061 (1972). Discretion is abused when it is exercised on untenable grounds or for untenable reasons. *State ex rel. Carroll v. Junker*, 79 Wn.2d 12, 26, 482 P.2d 775 (1971).

Here, the court expressly found that both violations occurred and revoked the suspended sentence. Appellant argues, and respondent agrees, that the possession of pornography condition is unconstitutionally vague. We also agree. *State v. Sansone*, 127 Wn. App. 630, 639, 111 P.3d 1251 (2005).[1] Both parties thus conclude that the judge could not consider that violation in revoking the SSOSA. However, respondent contends that since the alcohol use violation alone would justify the revocation, this court should simply affirm.

---

[1] Respondent writes that the condition should be changed to "sexually explicit conduct" as defined in RCW 9.68A.011. Brief of Resp't at 6. The parties are free to make that suggestion at the next hearing.

3

While there certainly was reason to revoke the SSOSA due to the alcohol violation and repeated reports that the defendant was making limited or no progress in treatment, the trial court did not rely solely on either of those factors. Instead, the stated reason for the revocation was due to both of the violations. It does not appear that either violation alone, or the limited progress in treatment, was seen as a sufficient reason to revoke the SSOSA. We draw a direct analogy to the court's imposition of an exceptional sentence on multiple grounds, some of which are subsequently invalidated on appeal. In that circumstance, the rule is that resentencing is required unless the trial court gave indication that it would have imposed the same sentence based solely on a valid factor. *E.g., State v. Gaines*, 122 Wn.2d 502, 512, 859 P.2d 36 (1993).

The revocation order contains no severance clause or other language indicating that a single factor was sufficient for revocation. Since the invalid factor involved sexual conduct and the admitted wine consumption was minimal, we cannot say on this record that the court would have revoked the suspended sentence solely due to the drinking. Given the nature of the underlying conviction, the pornography violation likely was accorded significant weight in light of the minimal progress defendant had made in treatment.

No. 33838-0-III
*State v. Ruiz-Sibaja*

    Accordingly, we reverse and remand for a new revocation hearing. The court should also strike the pornography condition, and is free to modify that condition as it deems appropriate.

    A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Siddoway, J.

_____
Pennell, J.

5