IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 80056-6-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| FAISAL GULED ADAN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |
| | ) | |

VERELLEN, J. — Faisal Adan challenges his standard range sentence, arguing that the trial court misunderstood his nonstatutory "failed self-defense" mitigating factor. But the substance of his argument was based upon his paranoid delusions, and the court adequately considered and reasonably exercised its discretion to reject his delusions as a mitigating factor.

The court did not abuse its discretion by imposing a standard range sentence. Therefore, we affirm.

FACTS

One afternoon, Faisal Adan boarded a bus around rush hour. Adan recognized one of the passengers, Ahmed Sheikah, and they started talking. Minutes later, Adan stood up and shot Sheikah multiple times. Adan then pushed his way through to the

front of the bus, pointed his revolver at the bus driver, and ordered him to open the door. Adan fled.

Soon after, Renton police officers apprehended Adan. Adan confessed to shooting Sheikah. Adan explained he shot him because Sheikah asked Adan to get off of the bus, had a look in his eyes, reached toward his hip, spoke with someone on the phone, and then said, "We're gonna see what's gonna happen."[1] Adan also admitted to taking a "whole bunch" of methamphetamine and other controlled substances before the shooting.[2] Adan contends he believed that Sheikah was threatening his life.

Adan pleaded guilty to first degree murder, first degree unlawful possession of a firearm, and second degree assault. Based on these charges and Adan's criminal history, a standard range sentence was between 317 and 417 months. The State requested a sentence of 396 months. Adan requested an exceptional sentence below the standard range.

At sentencing, the court heard arguments from both parties and testimony from Dr. Mark McClung, the bus driver, and family members. It rejected Adan's request for an exceptional sentence and imposed a standard range sentence of 353 months.

Adan appeals.

---

[1] Clerk's Papers (CP) at 85.

[2] CP at 426.

ANALYSIS

Adan argues the court erred when it imposed his standard range sentence. Standard range sentences are not appealable under the Sentencing Reform Act (SRA).[3]  But an appellant can challenge "the procedure by which a sentence within the standard range was imposed."[4]  When an appellant has requested an exceptional sentence below the standard range, our "review is limited to [deciding whether] the court has refused to exercise discretion at all or has relied on an impermissible basis for refusing to impose" the requested sentence.[5]  A trial court abuses its discretion when its discretion is based on untenable grounds or reasons.[6]

Adan contends "the court believed it had no discretion to grant a mitigated sentence on the basis of a failed self-defense claim and had a "mistaken belief that it could only grant the sentence if [Adan] produced evidence that [Sheikah] actually provoked or was the actual aggressor prior to the shooting."[7]

Under the SRA, RCW 9.94A.535(1) lists various mitigating factors a trial court can weigh when considering an exceptional sentence.  Under RCW 9.94A.535(1)(a), a court can consider whether "[t]o a significant degree, the victim was an initiator, willing participant, aggressor, or provoker of the incident," and under .535(1)(e) whether "[t]he

---

[3] RCW 9.94A.210(1).

[4] State v. Ammons, 105 Wn.2d 175, 183, 713 P.2d 719 (1986).

[5] State v. Garcia-Martinez, 88 Wn. App. 322, 330, 944 P.2d 1104 (1997).

[6] State v. Guevara Diaz, 11 Wn. App. 2d 843, 856, 456 P.3d 869, review denied, 195 Wn.2d 1025, 466 P.3d 772 (2020).

[7] Appellant's Br. at 9.

defendant's capacity to appreciate the wrongfulness of his or her conduct, or to conform his or her conduct to the requirements of the law, was significantly impaired. Voluntary use of drugs or alcohol is excluded." Notably, "'failed defenses' may constitute mitigating factors supporting an exceptional sentence below the standard range."[8]

Here, at sentencing, Dr. McClung testified Adan suffered from paranoid delusions and he "misperceived or misinterpreted the look in Mr. Sheikah's eye or the statement he had overheard."[9] Relying on Dr. McClung's testimony, Adan identified failed self-defense as a mitigating factor. But his articulation of failed self-defense and his use of authority to support his argument was unclear.

Adan's sentencing memorandum addressed failed self-defense and cited a variety of cases, including State v. Whitefield,[10] which directly address failed self-defense under RCW 9.94A.535(1)(a). Specifically, Adan focused on Dr. McClung's opinion that Adan's "mental disorder" could have caused him to misinterpret reality in a paranoid manner which may have contributed to his perception that he was in acute danger at the time of the shooting. Dr. McClung concluded that Adan's "paranoid perception of the immediate situation <u>could have</u> made him believe that he needed to act in self-defense."[11] The defense presented Adan's "paranoid perceptions" under a

---

[8] State v. Jeannotte, 133 Wn.2d 847, 851, 947 P.2d 1192 (1997).

[9] Report of Proceedings (RP) (May 17, 2019) at 151.

[10] 99 Wn. App. 331, 337-38, 994 P.2d 222 (1999) (holding that to a significant degree the victim provoked the incident and that the persistence of the victim warranted an application of the mitigating factor under RCW 9.94A.535(1)(a)).

[11] CP at 60-61.

theory of failed self-defense, relying at least in part on authority tied to RCW 9.94A.535(1)(a).[12] But the defense also concluded the failed self-defense section of Adan's sentencing brief by asserting, "As Dr. McClung's opinion . . . seems sufficient to submit a diminished capacity defense . . . , it follows that his opinion certainly serves as the basis for an exceptional sentence downward."[13] The defense's sentencing memorandum conclusion mentions the "diminished capacity defense," but their argument still categorizes Adan's "paranoid perceptions" as a theory of failed self-defense, including references to RCW 9.94A.535(1)(a).

At sentencing, Adan's counsel confusingly argued, "[W]e are not relying on the statutory mitigating factor for [failed self-defense], that [instead] there is a body of case law that specifically cites to failed self-defense, even though that typically leads to . . . a conviction on a lesser charge by the jury than as a sentencing issue."[14] His counsel noted that the subjective portion of the self-defense test asks the fact finder to stand in the position of the defendant. Adan's counsel asserted that here, based on Dr. McClung's testimony, Adan "delusionally believed that he was acting in self-defense [which] is grounds for an imposition of an exceptional sentence [below the standard range]."[15]

---

[12] In his sentencing memorandum, Adan also emphasized State v. Mitchell, 102 Wn. App. 21, 997 P.2d 373 (2000). In Mitchell, this court held that a trial court should have admitted expert testimony on whether the defendant may have been experiencing paranoid delusions at the time of the incident. Id. at 26-28.

[13] CP at 61.

[14] RP (May 15, 2019) at 93.

[15] Id. at 94.

The trial court evaluated Dr. McClung's testimony before rejecting Adan's failed self-defense theory. The court noted that no matter what Adan perceived, Sheikah's actual conduct was not sufficient to prove that Sheikah or the bus driver was the "initiator," "aggressor," or "provoker of the incident." The court also addressed Adan's mental state and his delusions, concluding that they did not support a mitigated sentence.

Adan contends the trial court misunderstood his failed self-defense mitigating factor and his counsel's oral argument that he was not relying on RCW 9.94A.535(1)(a). But it is understandable that the trial court addressed RCW 9.94A.535(1)(a) in light of the defense's written materials that included cases referring to the statutory failed self-defense mitigating factor. The court accurately recited that the mitigating factor under RCW 9.94A.535(1)(a) requires the court to find "to a significant degree the victim was the initiator, willing participant, aggressor, or provoker of the incident." And there was no indication that either Sheikah or the bus driver engaged in such conduct.

As presented to the sentencing court, Adan's delusional misperceptions were not, in substance, a failed self-defense mitigating factor but rather a variation on the "failed mental state" mitigating factor under RCW 9.94A.535(1)(e). Consistent with Dr. McClung's testimony, Adan linked his delusions and misperceptions to concepts of diminished capacity. The court expressly considered Adan's arguments that his "mental deficiencies significantly impaired his capacity . . . to conform . . . his conduct

to the requirements of the law."[16]  What Adan labels as a nonstatutory failed self-defense factor was adequately considered by the sentencing court when it addressed Adan's mental state, including his delusions and diminished capacity.  The court did not abuse its discretion when it considered and rejected that argument.

Adan contends in his opening brief that the trial court "conflated two different mitigating factors [in rejecting his failed self-defense theory] which are separate and distinct."[17]  He argues that the court should have analyzed his failed self-defense theory under RCW 9.94A.535(1)(c) (duress, coercion, threat or compulsion insufficient to constitute a full defense) instead of RCW 9.94A.535(1)(a).  But in both the written materials and at oral argument, Adan's counsel argued only two mitigating factors, namely, RCW 9.94A.535(1)(a) and RCW 9.94A.535(1)(e).  As discussed, Adan's mitigating argument in substance focused upon his delusional mental state, implicating RCW 9.94A.535(1)(e).  The court adequately considered and responded to the materials and arguments made by the defense.

Next, Adan contends that the trial court rendered its decision under the mistaken assumption that because Adan used controlled substances before committing his crimes, the trial court was precluded from granting him a mitigated sentence.

A court's consideration of drug use under RCW 9.94A.535(1)(e) is limited "to only those circumstances in which the use might have formed the basis for a defense,

---

[16] RP (May 17, 2019) at 152.

[17] Appellant's Br. at 17.

that is, to those circumstances when the defendant's intoxication at the time of the offense was induced by fraud or force."[18] "Drug addiction and its causal role in an addict's offense may not serve to justify a durational departure from a standard range sentence."[19]

Here, the trial court considered Adan's drug induced impairment relative to his "capacity to [appreciate] the wrongfulness of his conduct" as required by RCW 9.94A.535(1)(e).[20] The court weighed Dr. McClung's testimony that Adan was in a state of "substance abuse psychosis" when he committed his crimes against the fact that Dr. McClung never diagnosed Adan with posttraumatic stress disorder or antisocial personality disorder.[21] The court found that Adan's mental state when he committed the crime did not satisfy RCW 9.94A.535(1)(e) because "his ability to appreciate wrongful behavior was diminished but not substantially impaired as is required by the SRA."[22]

Adan contends that the court "believed it was impossible" to grant him a mitigated sentence because he consumed controlled substances.[23] But the court merely recognized that the "voluntary ingestion of drugs and alcohol may not be

---

[18] State v. Gaines, 122 Wn.2d 502, 515, 859 P.2d 36 (1993).

[19] Id. at 509.

[20] RP (May 17, 2019) at 151.

[21] Id.

[22] Id.

[23] Appellant's Br. at 22.

considered a mitigating factor."[24] Although a failed mental state can be a basis for mitigation, the court rejected any showing of a true diminished capacity due to Adan's "voluntary ingestion of drugs."[25] And, as discussed, the court considered other mitigating circumstances after acknowledging Adan's voluntary drug consumption.

Finally, Adan argues that the court relied on various facts not supported by the record. But his arguments are all grounded in his contention that the court did not believe and credit his versions of the various disputed facts. Because the trial court is not required to accept the defense's version of disputed facts, Adan's argument fails.

Therefore, we affirm.

_____

WE CONCUR:

_____          _____

---

[24] RP (May 17, 2019) at 150.

[25] Id. at 150-51.