[No. 10972-7-II.    Division Two.    February 23, 1989.]

THE STATE OF WASHINGTON, *Respondent*, v. DELBERT L. BISSELL, *Appellant*.

*Clayton R. Dickinson,* for appellant (appointed counsel for appeal).

*John W. Ladenburg, Prosecuting Attorney,* and *Carolyn Williamson, Deputy,* for respondent.

WORSWICK, J.—Delbert L. Bissell appeals convictions, following a bench trial, on one count each of second degree burglary, first degree theft, and second degree possession of stolen property. We affirm, finding no merit in any of his contentions. We choose to discuss only one issue: Whether Bissell used a position of trust, confidence, or fiduciary responsibility to facilitate commission of these crimes, thus making this a major economic offense. RCW 9.94A-.390(2)(c)(iv). We hold that he did.

Bissell was fired from his job with the victim, a business dealing in residential security systems, about 2 weeks before the incident giving rise to the charges. While employed with the business, he was entrusted with the keys to the building, and he had access to, and was taught how to operate, a computer–programmed electronic device used to arm and disarm perimeter sensors. He made copies of the keys, and managed to retain possession of the electronic device. To commit the offenses, he disarmed the perimeter sensors, unlocked the building, made off with two pickup loads of equipment, and, on leaving, locked the building and re–armed the sensors. The trial court, finding the aggravating circumstance of a major economic offense, imposed an exceptional sentence of 60 months.[1] The standard range was 22 to 29 months.[2]

---

[1] RCW 9.94A.390(2)(c) provides:
The current offense was a major economic offense or series of offenses, *so identified by a consideration of any of the following factors*:
(i) The current offense involved multiple victims or multiple incidents per victim;

Bissell's argument seems to come down to two points: (1) subsection (iv) does not apply unless it is shown that the employee intended to abuse a trust at the time it was conferred upon him (the trial court made offhand remarks that may have invited this argument); and (2) what he did was no different from any crime committed against an employer by a former employee utilizing knowledge gained in the employment. As to the second point, he argues that, had the Legislature intended such a sweeping application, it would have said so.

■ Bissell is unable to cite authority in support of his position, and we have found none bearing on this issue. Nevertheless, we believe that the answers to Bissell's points are self–evident. The statute simply does not require criminal intent in advance of entrustment, and if a large number of former employees will be caught in the net of this aggravating circumstance, so be it. The Legislature need not—and indeed usually does not—specify the class of persons to which a criminal statute applies. As for Bissell, he was given the keys and taught to use the electronic device because he was trusted. That trust gave him the means to commit the crime. RCW 9.94A.390(2)(c)(iv) fits his conduct precisely.

Affirmed.

ALEXANDER, C.J., and PETRICH, J., concur.

---

(ii) The current offense involved attempted or actual monetary loss substantially greater than typical for the offense;

(iii) The current offense involved a high degree of sophistication or planning or occurred over a lengthy period of time;

(iv) The defendant used his or her position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense.

(Italics ours.) The trial court found three of the four factors ((ii) monetary loss; (iii) sophistication; and (iv) position of trust). We need not discuss (ii) and (iii), inasmuch as one factor is sufficient to support the aggravating circumstance of a major economic offense.

[2]Bissell does not contend that the exceptional sentence, if justified, was clearly excessive.