[No. 26049-9-I.   Division One.   August 5, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. DAVID DOUGLAS HARDING, *Appellant*.

*Andrew P. Zinner* of *Washington Appellate Defender Association,* for appellant.

*Seth R. Dawson, Prosecuting Attorney,* and *Seth Aaron Fine, Deputy,* for respondent.

BAKER, J. — David Douglas Harding appeals the exceptional sentences imposed for his convictions of first degree rape and first degree burglary, alleging the trial court erred in basing the sentences on the aggravating factors of: (1) abuse of a position of trust; (2) danger to the community; and (3) invasion of the victim's zone of privacy. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

Appellant was convicted of first degree rape and first degree burglary for the rape of a female victim in her apartment. Appellant was the son of one of the apartment managers and occasionally worked cleaning apartments. In connection with his duties, he was given a master key that opened all of the apartment doors. He possessed such a key at the time of the rape.

The victim was awakened at night by a man sitting on her bed. The man put his hand over her mouth. He

claimed to have a gun and threatened to kill her if she screamed. The victim screamed anyway and struggled with the man, but was unsuccessful in preventing the rape.[1]

The trial court imposed exceptional sentences of 180 months for the rape and 68 months for the burglary, to be served concurrently.[2] The standard sentencing ranges for those offenses were respectively 62 to 82 months and 26 to 34 months. The court entered the following findings in support of the exceptional sentences:

> 1. The defendant raped the victim in her own bedroom at an apartment complex he worked at and was entrusted with a master key for, which key fit all of the apartments in the complex. This violated the victim's zone of privacy and was also a violation of a position of trust because the defendant used the key he had acquired as part of his duties to accomplish the rape. Either of these factors would alone justify the exceptional sentence imposed.
>
> 2. The defendant was on probation for a sex offense at the time of this rape and burglary. He has denied responsibility and has indicated that he has no interest in treatment because he has no sexual deviancy problem. He is a demonstrated danger to the community and will continue to be so.

# I

## ABUSE OF TRUST

■ In reviewing an exceptional sentence, we must first determine whether the reasons for the sentence are supported by the record, using a clearly erroneous standard of review. Second, we must independently determine whether, as a matter of law, the trial court's reasons justify an exceptional sentence. RCW 9.94A.210(4)(a); *State v. Nordby*, 106 Wn.2d 514, 517-18, 723 P.2d 1117 (1986); *State v. Pryor*, 115 Wn.2d 445, 450, 799 P.2d 244 (1990).

---

[1]Since appellant challenges only his sentences, and not his convictions, it is unnecessary to recite the evidence tending to prove that appellant was the man who committed the rape.

[2]Appellant does not contend that the length of the exceptional sentences is clearly excessive.

The trial court found that appellant used a master key to enter the victim's apartment. Appellant contends the evidence would equally support a finding that he entered through an unlocked door. There was no evidence of a forced entry. The victim testified that she usually locks her door, although she could not be certain she locked it on this occasion. Appellant did not testify or present any evidence. Based on this evidence and the fact that appellant possessed a master key on the day of the rape, the trial court's finding was supported by substantial evidence.

One of the aggravating factors a court may consider in imposing a sentence is that the defendant used his "position of trust, confidence, or fiduciary responsibility to facilitate the commission of the current offense." RCW 9.94A.390(2)(c)(iv).[3] Appellant argues that prior cases which approved reliance on this factor in nonfinancial offenses have involved a trust relationship existing directly between victim and perpetrator. Since no such direct relationship existed here, appellant contends that an exceptional sentence based on this factor is improper. Since there was no evidence that appellant was assigned to clean *the victim's* apartment, he argues that he did not abuse a position of trust in relation to her.[4]

Appellant relies on *State v. Gonzales*, 46 Wn. App. 388, 731 P.2d 1101 (1986). In *Gonzales* the court rejected the abuse of trust finding. Although members of the defendant's family had worked for the victims, the defendant himself did not occupy a position of trust in relation to them nor had he received any " 'inside informa-

---

[3]This aggravating factor is listed in the context of major economic offenses, but has been applied to noneconomic offenses as well because the statutory list is illustrative and not exclusive. RCW 9.94A.390; *see, e.g., State v. Fisher*, 108 Wn.2d 419, 427, 739 P.2d 683 (1987); *State v. Harp*, 43 Wn. App. 340, 343, 717 P.2d 282 (1986).

[4]Unlike the present case, in two other cases involving abuse of trust in the employment context the employer itself (or its personnel) were the victims of the crime. *See State v. Jackmon*, 55 Wn. App. 562, 778 P.2d 1079 (1989); *State v. Bissell*, 53 Wn. App. 499, 767 P.2d 1388 (1989).

tion' ". *Gonzales*, 46 Wn. App. at 406. In the present case, by contrast, not only did appellant's family members work at the apartment complex, but appellant did as well, albeit in an informal capacity. Moreover, he was provided with more than "inside information". He was entrusted with a master key that opened the door to the victim's apartment.

██ We are unpersuaded by appellant's argument that a direct, personal relationship of trust must exist between the perpetrator and the victim in order to sustain a finding of abuse of trust. In our modern world, people routinely put their trust in organizations (such as the management of an apartment complex) without knowing the individuals who will carry out the tasks entrusted to the organization. We therefore determine that the trial court's finding of abuse of trust was supported by the record.

## II
### FUTURE DANGEROUSNESS

Subsequent to the entry of the judgment and sentence in this case, the Supreme Court held in *State v. Pryor*, 115 Wn.2d at 454, that in sexual misconduct cases the State must show a lack of amenability to treatment in addition to a criminal history in order to support a finding of future dangerousness. "At the minimum the trial court must have before it, in addition to a history of similar acts of sexual deviancy, the opinion of a mental health professional that the defendant would likely not be amenable to treatment." *Pryor*, 115 Wn.2d at 455. Since no professional opinion was obtained regarding appellant's amenability to treatment, the State concedes that the finding of dangerousness to the community is insufficiently supported by the record.

## III
### INVASION OF ZONE OF PRIVACY

Subsequent to the sentencing in the present case, this court held in *State v. Post*, 59 Wn. App. 389, 797 P.2d 1160

(1990), *review granted,* 116 Wn.2d 1018 (1991), that "invasion of the victim's zone of privacy cannot be used as a basis for imposition of an exceptional sentence when unlawful entry into the victim's home is an element of a crime for which the sentence is imposed." *Post,* 59 Wn. App. at 401-02. The appellant in *Post,* as here, was convicted of first degree burglary and first degree rape for a rape perpetrated in the victim's bedroom. Under *Post,* the zone of privacy factor does not justify the imposition of an exceptional sentence in this case.

## IV
### REMAND UNNECESSARY

Where fewer than all of the trial court's reasons for imposing an exceptional sentence are justified, remand is unnecessary if the reviewing court is confident that the trial court, after limiting its consideration to the proper factors, would impose the same sentence. *State v. Tunell,* 51 Wn. App. 274, 284, 753 P.2d 543, *review denied,* 110 Wn.2d 1036 (1988), *overruled on other grounds in State v. Batista,* 116 Wn.2d 777, 808 P.2d 1141 (1991); *see State v. Fisher,* 108 Wn.2d 419, 429, 739 P.2d 683 (1987).

■ Only one of the trial court's three reasons for imposing the exceptional sentences can be upheld — abuse of a position of trust. However, the trial court specifically stated that this factor alone would be sufficient basis for the exceptional sentence imposed. Therefore, it is unnecessary to remand this case for resentencing. We affirm.

PEKELIS and KENNEDY, JJ., concur.

Review denied at 118 Wn.2d 1004 (1991).