[Nos. 33721-1-I; 33874-9-I.   Division One.   April 24, 1995.]

THE STATE OF WASHINGTON, *Appellant*, v. CHARLES A.
AKIN, JR., *Respondent*.

THE STATE OF WASHINGTON, *Respondent*, v. KRISTOPHER
S. GOODMAN, *Appellant*.

*Patricia Novotny* of *Washington Appellate Defender Association* and *James K. Tweedie*, for Akin and Goodman.

*Jim Krider, Prosecuting Attorney*, and *Seth Aaron Fine, Deputy*, for the State.

Cox, J. — These consolidated cases[1] involve the issue of whether RCW 9.94A.137 permits the trial court to recommend the work ethic camp sentencing alternative for an offender if the court imposes an exceptional sentence. We hold that it does not.

## State v. Akin

On September 1, 1992, Charles Akin escaped from the Monroe Honor Farm detention facility. He later surrendered to the Washington Department of Corrections and pleaded guilty to first degree escape. Akin's presumptive sentencing range was 43 to 57 months. The trial court imposed an exceptional sentence of 36 months and recommended that Akin

---

[1] We consolidate these cases for review pursuant to RAP 3.3.

serve the sentence at work ethic camp. The State appeals Akin's exceptional sentence and the work ethic camp recommendation. It also appeals the order denying its motion to vacate the judgment and sentence.

## State v. Goodman

Kristopher Goodman appeals his judgment and sentence for one count of first degree theft, two counts of second degree burglary, and three counts of residential burglary. Goodman pleaded guilty to each count. Goodman's presumptive sentencing ranges were 14 to 18 months for the theft conviction, 51 to 68 months for each second degree burglary conviction, and 63 to 84 months for each residential burglary conviction. The trial court imposed concurrent presumptive sentences. The court also concluded that it could not recommend work ethic camp as a sentencing alternative because each of Goodman's presumptive sentences was outside the length of confinement stated in RCW 9.94A.137(1)(a), and exceptional sentences would not qualify Goodman for work ethic camp.

## I

### APPEALABILITY OF THE WORK ETHIC CAMP ISSUE

■ The Respondents in both cases contend that the work ethic camp issue is not properly before us. Akin argues that the work camp issue was not preserved for appeal because the State failed to object below. We disagree. The State may assert for the first time on appeal that the sentencing court acted without statutory authority in imposing a sentence. *State v. Paine*, 69 Wn. App. 873, 884, 850 P.2d 1369, *review denied*, 122 Wn.2d 1024 (1993). Here, the State argues that the trial court exceeded its authority under RCW 9.94A.137 by recommending the work ethic camp as part of Akin's sentence. That is precisely the type of asserted error considered in *Paine*. 69 Wn. App. at 884.

■ In Goodman, the State contends that RCW 9.94A-.210(1) bars him from appealing his presumptive sentences. However, that statute "applies only to 'challenges to the amount of time imposed when the time is within the stan-

dard range.' " *State v. Onefrey*, 119 Wn.2d 572, 574 n.1, 835 P.2d 213 (1992) (quoting *State v. Ammons*, 105 Wn.2d 175, 182, 713 P.2d 719, 718 P.2d 796, *cert. denied*, 479 U.S. 930 (1986)). Defendants who receive presumptive sentences may challenge the trial court's authority to impose a sentencing alternative as opposed to the length of those sentences. *Onefrey*, 119 Wn.2d at 574 n.1.

Goodman does not challenge the length of his presumptive sentences. He argues that the trial court had the authority under RCW 9.94A.137 to recommend the work ethic camp sentencing alternative if the court imposed exceptional sentences for his convictions. Goodman's appeal therefore is properly before us. *State v. Friederich-Tibbets*, 123 Wn.2d 250, 866 P.2d 1257 (1994), on which the State relies, does not require a contrary result. There, the defendant challenged the trial court's refusal to impose an exceptional sentence due to insufficient mitigating factors. 123 Wn.2d at 252. There was no sentencing alternative at issue in *Friederich-Tibbets* as there is here.

## II
### Work Ethic Camp and Exceptional Sentences

Goodman and Akin contend that RCW 9.94A.137 does not prohibit the court from recommending work ethic camp if it imposes an exceptional sentence. They argue that the rules of statutory construction, the Legislature's intent, and the rule of lenity support their position.

A. Statutory Construction. The relevant portions of RCW 9.94A.137 read:

(1) An offender is eligible to be sentenced to a work ethic camp if the offender:

(a) Is sentenced to a term of total confinement of not less than twenty-two months or more than thirty-six months;

(b) Is between the ages of eighteen and twenty-eight years; and

(c) Has no current or prior convictions for any sex offenses or violent offenses.

(2) If the sentencing judge determines that the offender is eligible for the work ethic camp and is likely to qualify under subsection (3) of this section, the judge shall impose a sentence

within the standard range and may recommend that the offender serve the sentence at a work ethic camp. . . .

(Italics ours.)

██ Each part or section of a statute should be construed in connection with every other part or section "so as to produce a harmonious whole". *Platt Elec. Supply, Inc. v. Seattle*, 16 Wn. App. 265, 273, 555 P.2d 421 (1976), *review denied*, 89 Wn.2d 1004 (1977). A statute should be construed to effect its purpose, and "unlikely, absurd or strained consequences should be avoided." *State v. Stannard*, 109 Wn.2d 29, 36, 742 P.2d 1244 (1987). If possible, every word, clause, and sentence must be given effect; no part should be rendered inoperative. *Xieng v. Peoples Nat'l Bank*, 120 Wn.2d 512, 529-30, 844 P.2d 389 (1993); *Platt Electric*, 16 Wn. App. at 273.

1. *Standard range and presumptive sentencing range.* Goodman argues that the term "standard range" in RCW 9.94A.137(2) is not equivalent to "presumptive sentencing range" as the latter term is defined in other sections of the Sentencing Reform Act of 1981 (SRA). He argues that the Legislature would have used the latter term in this statute if it intended to require a presumptive sentence for work ethic camp eligibility. We disagree.

██ The Legislature frequently uses "standard range" or "standard sentence range" to refer to the presumptive sentencing range for an offense. For example, RCW 9.94A.120(3) requires the court to make written findings and conclusions when imposing a sentence outside the "standard range". RCW 9.94A.120(1) generally requires the trial court to impose a sentence within the "sentence range", while RCW 9.94A.120(2) authorizes the court under certain circumstances to impose a sentence outside the "standard sentence range". RCW 9.94A.210(1) mandates that a sentence "within the *standard* range for the offense shall not be appealed" (italics ours), while RCW 9.94A.210(2) allows an appeal from a sentence "outside the *sentence* range". (Italics ours.) When the Legislature uses similar words in different parts of a statute, we presume it intends the same meaning

throughout the statute. *See DeGrief v. Seattle,* 50 Wn.2d 1, 11, 297 P.2d 940 (1956).

Case law likewise has used "standard range" and "sentence range" interchangeably. *See, e.g., State v. Batista,* 116 Wn.2d 777, 783-84, 808 P.2d 1141 (1991) (using both "presumptive sentences" and "standard range sentences"); *State v. Dunaway,* 109 Wn.2d 207, 212, 743 P.2d 1237 (1987) (using "standard range" to refer to the presumptive sentencing range). Notably, in *Onefrey,* the Supreme Court interpreted the language of the former special sex offender sentencing alternative (SSOSA) statute that the trial court "shall then impose a sentence within the sentence range" to be an explicit requirement that the sentence imposed be within the "standard range". *Onefrey,* 119 Wn.2d at 575 (quoting former RCW 9.94A.120(7)(a)). Given the common practice by the Legislature and courts of using "standard range", "standard sentencing range", and "sentence range" interchangeably to refer to the presumptive sentencing range of an offense, we conclude that the Legislature intended "standard range" in RCW 9.94A.137(2) to mean "presumptive sentencing range".

Further, that interpretation does not lead to absurd results. The Legislature intended the work ethic camp to be available only to offenders meeting certain criteria. One of those criteria is receiving a sentence within the presumptive sentencing range. Some offenders will necessarily be ineligible for work ethic camp, but that is not an "unlikely, absurd or strained [consequence]" of our construction of RCW 9.94A.137. *See Stannard,* 109 Wn.2d at 36.

2. *Eligibility criteria and implementation.* Akin contends that RCW 9.94A.137(1) contains the exclusive criteria for work ethic camp eligibility. He argues that the Legislature's express inclusion of certain conditions in section (1) of the statute excludes the implication of additional conditions in section (2) of the statute. *See State v. Wright,* 54 Wn. App. 638, 642, 774 P.2d 1265 (1989). Goodman similarly contends that the sentencing judge must rely first on RCW 9.94A .137(1) to determine whether an offender is eligible for work ethic camp, and the judge only thereafter refers to RCW

9.94A.137(2) to implement the sentencing alternative. "Statutes are to be construed as a whole, giving effect to all the language used, considering all provisions in relation to each other and harmonizing them all whenever possible." *State v. Blair,* 56 Wn. App. 209, 213, 783 P.2d 102 (1989). Thus, we must construe RCW 9.94A.137(1) and (2) together and harmonize their provisions. The requirement of a sentence range of 22 to 36 months in RCW 9.94A.137(1) is consistent with the requirement in RCW 9.94A.137(2) of a standard range, or presumptive, sentence. The two are not mutually exclusive, and reading them in a way that harmonizes the statute does not violate any applicable rule of construction because the Legislature expressly imposed both requirements. Further, RCW 9.94A.137(2) does not impose an additional criterion for eligibility in the work ethic camp; it simply clarifies that the trial court may recommend work ethic camp only if it imposes a presumptive sentence.

3. *Express prohibition of exceptional sentence.* Goodman also argues that because RCW 9.94A.137(1)(a) does not expressly prohibit an exceptional sentence as, for example, RCW 9.94A.120(4) does, the Legislature did not intend to preclude offenders with exceptional sentences from being eligible for the work ethic camp. We disagree. The requirement of RCW 9.94A.137(2) that the sentencing judge "shall impose a sentence within the standard range" not only expressly requires the court to impose a presumptive sentence if it is to recommend work ethic camp, but also necessarily prohibits the court from imposing an exceptional sentence in the work ethic camp context.

4. *Total confinement.* Goodman asserts that "total confinement" as used in RCW 9.94A.137(1)(a) is not limited to either presumptive sentences or exceptional sentences. Regardless, "[a]ll presumptive sentence ranges are expressed in terms of total confinement." RCW 9.94A.370(1). Thus, the Legislature's choice of the term "total confinement" in RCW 9.94A.137(1)(a) is consistent with an intent to require a presumptive sentence for work ethic camp eligibility.

B. Legislative Intent. Akin and Goodman next argue that the Legislature intended to make work ethic camp available

to any youthful, nonviolent offenders regardless of whether they receive exceptional or presumptive sentences. They cite the legislative findings which emphasize the need to provide nonviolent offenders with skills, education, and values in an attempt to reduce recidivism once those offenders are released from custody. *See* RCW 72.09.400.

However, Akin and Goodman ignore the legislative history indicating that the Legislature specifically intended to limit the work ethic camp alternative to offenders sentenced within the presumptive sentencing range for their respective offenses. Initially, the House proposed the work ethic camp legislation as Substitute House Bill 1922. That bill specified that an offender must receive a sentence between 22 and 36 months to qualify for work ethic camp, but it did not otherwise restrict the sentence. Upon receiving the proposed bill, the Senate substantially revised it and added the language "the judge shall impose a sentence within the standard range". RCW 9.94A.137(2). Because the Legislature commonly uses "standard range" to refer to the presumptive sentencing range, we conclude that the Legislature's adoption of the Senate's added language shows a specific intent to require the trial court to impose a presumptive sentence before it recommends work ethic camp.

C. The Rule of Lenity. Akin and Goodman contend RCW 9.94A.137 is ambiguous because "standard range" in RCW 9.94A.137(2) could mean either presumptive sentencing range or the range of 22 to 36 months required by RCW 9.94A.137(1)(a). They conclude that that ambiguity requires us to construe the statute in their favor under the rule of lenity.

A statute is ambiguous if it is susceptible to more than one meaning. *Shoreline Comm'ty College Dist. 7 v. Employment Sec. Dep't*, 120 Wn.2d 394, 405, 842 P.2d 938 (1992). We conclude that when RCW 9.94A.137(1)(a) and 9.94A.137(2) are read together, they lend themselves to only one interpretation: the offender must be sentenced to a term of total confinement of not less than 22 months or more than 36 months, *and* that sentence must be within the standard range for the offense. We consequently find no ambiguity in

RCW 9.94A.137. Where there is no ambiguity, the rule of lenity does not apply. *In re Caley*, 56 Wn. App. 853, 857, 785 P.2d 1151 (1990) (the rule of lenity applies if a criminal statute is ambiguous).

The State also argues that the trial court lacked authority to order that Akin receive 3 days of credit for every day he served in work ethic camp and that he be released on community custody when he completed the camp. Given our holding that work ethic camp was not a permissible alternative on these facts, we need not reach those issues. Moreover, the State has neither assigned error to those portions of the trial court's order nor provided supporting legal authority for those arguments as required by RAP 10.3(a)(3) and (5).

## III

### AKINS EXCEPTIONAL SENTENCE

In Akin, the State also argues that the trial court erred by imposing an exceptional sentence below the standard range because the findings do not support that exceptional sentence. The State does not challenge the factual basis for the findings or argue that the sentence is too lenient.

■■ A reviewing court must independently determine whether the sentencing judge's reasons justify an exceptional sentence as a matter of law. RCW 9.94A.210(4)(a); *State v. Nordby*, 106 Wn.2d 514, 518, 723 P.2d 1117 (1986); *State v. Hodges*, 70 Wn. App. 621, 623, 855 P.2d 291 (1993), *review denied*, 124 Wn.2d 1013 (1994). The reasons for an exceptional sentence must be "substantial and compelling" and must distinguish the defendant's crime from others in the same category. RCW 9.94A.120(2); *Hodges*, 70 Wn. App. at 624. Moreover, a sentence below the standard range must be justified by "factors or circumstances related to the defendant's commission of a crime that make the commission of the crime less egregious." *Hodges*, 70 Wn. App. at 626. Thus, mitigating factors that are not related to the crime do not alone justify an exceptional sentence. *Hodges*, 70 Wn. App. at 626; *State v. Pascal*, 108 Wn.2d 125, 137, 736 P.2d 1065 (1987).

The State challenges the following findings as to the mitigating factors warranting Akin's exceptional sentence:

A. The defendant turned himself in to the Department of Corrections voluntarily after committing the crime of escape in the first degree. In doing so, Mr. Akin mitigated the damage of his crime before he was apprehended by the authorities in Washington. This is a ground for an exceptional sentence below the standard range under RCW 9.94A.390(b).

B. The fact that Mr. Akin turned himself in voluntarily after his escape is a factor that was not contemplated in calculating the standard range, nor is it specified in the statute. A sentencing factor that is not enumerated in the statute may be used as an aggravating factor if it is substantial and compelling. Arguing by analogy, the inverse should apply as well. *State v. Hillman*, [66 Wn. App. 770, 832 P.2d 1369, *review denied*, 120 Wn.2d 1011 (1992)].

C. In addition to the sentence imposed in this case, Mr. Akin has already received sanctions in prison. He lost six months of earned good time and his trailer visits with his wife and son. Additionally he lost 20 points with the Department of Corrections which effects [*sic*] his security level (i.e. where he is placed within the Department of Corrections).

D. The purposes of the SRA are better served by the imposition of an exceptional sentence in this case. A standard range sentence would not allow the court to make a judicial recommendation of work ethic camp and would result in a sentence that is clearly excessive in light of the purposes of the SRA.

E. Defendant asked not to be placed at the honor farm because he was concerned about his ability to restrain himself.

■ A. Mitigation of Crime. Findings A and B are based on Akin's actions in voluntarily surrendering to authorities after his escape. Akin argues that because his surrender was not prompted by the threat of capture, it should be considered as a sincere attempt at mitigation of the crime of escape. He likens his situation to cases where the defendant confesses or summons help for the victim. *See State v. Armstrong*, 106 Wn.2d 547, 551, 723 P.2d 1111 (1986) (the defendant's confession to police was a proper mitigating factor); *State v. Elsberry*, 69 Wn. App. 793, 797, 850 P.2d 590 (1993) (trial court should have considered as a mitigating factor the fact that defendant sought help for his victim). Akin's act of surrendering after his escape and before apprehension made the escape less egregious than if he had remained at large. The surrender also made it sufficiently different from a typical escape where the

defendant would not voluntarily surrender. The surrender was not contemplated by the Legislature in calculating the standard range sentence. The trial court therefore properly considered that crime-related conduct as a mitigating factor justifying an exceptional sentence downward.

B. Institutional Sanctions. As a result of his escape, Akin lost 6 months of "good time" and the right to conjugal visits, and the Department increased his security status. The trial court considered those institutional sanctions as a mitigating factor as set forth in finding C.

Akin argues that as long as there is one crime-related mitigating factor, the sentencing court may also consider subjective factors relative to a particular defendant as a basis for an exceptional sentence. *Hodges*, 70 Wn. App. at 625. For example, where the defendant lacked the predisposition to commit the crime and the Supreme Court held that was a proper mitigating factor supporting an exceptional sentence, the court also held that the additional punishment of losing a military career was a proper mitigating factor for an exceptional sentence. *State v. Nelson*, 108 Wn.2d 491, 494, 498, 503-05, 740 P.2d 835 (1987). Thus, Akin argues that although the institutional sanctions he suffered are not related to his crime of escape, his voluntary surrender to the authorities was related to the escape, and therefore, the trial court properly relied on the sanctions as a mitigating factor. *See Hodges*, 70 Wn. App. at 625; *cf. Nelson*, 108 Wn.2d at 498, 504. We disagree.

As the State correctly argues, the sanctions do not make the commission of the crime of escape less egregious. Moreover, the sanctions are not "sufficiently substantial and compelling to distinguish the crime [of escape] from others in the same category". *State v. Grewe*, 117 Wn.2d 211, 216, 813 P.2d 1238 (1991). The sanctions are the normal, expected consequences of the crime of escape. Finally, loss of "good time" was more likely than not considered by the Legislature in setting the standard sentencing range for escape. The court erred in using this factor as a basis for an exceptional sentence downward.

C. Eligibility for Work Ethic Camp. Given our holding that RCW 9.94A.137(2) requires a presumptive sentence for a work ethic camp recommendation, we conclude that the trial court's reliance on finding D was erroneous as a matter of law. *See Hodges*, 70 Wn. App. at 623.

D. Acknowledged Lack of Self-Restraint. Before he was assigned to the honor farm, Akin told counselors "he could not stand the temptation of being in a minimum-security facility". Akin contends his acknowledgment of his inability to restrain himself in a lower security setting is different from the statutory factor of the inability to appreciate the wrongfulness of his conduct. *See* RCW 9.94A.390(1)(e). He argues instead that this factor is a non-statutory one and focuses on the uniqueness of his crime. We disagree. The lack of self-control is not a proper mitigating factor unless there was also a substantial impairment of Akin's ability to obey the law. *See State v. Rogers*, 112 Wn.2d 180, 185, 770 P.2d 180 (1989) (under RCW 9.94A.390(1)(e), a defendant's impaired judgment and irrational thinking may be considered as a mitigating factor only if the court finds that those problems significantly impaired the defendant's capacity to appreciate the wrongfulness of his conduct and to conform to the law). The trial court did not make such a finding and thus erred in relying on this factor as a mitigating factor.

Because we are satisfied that the trial court would have imposed an exceptional sentence if it had considered only the mitigating factor of Akin's surrender, we need not remand the case for resentencing. *See State v. Harding*, 62 Wn. App. 245, 250, 813 P.2d 1259, *review denied*, 118 Wn.2d 1003 (1991).

We reverse the trial court's work ethic camp recommendation in Akin's case and the order denying the motion to vacate. We affirm Akin's exceptional sentence. We affirm Goodman's judgment and sentence.

KENNEDY and AGID, JJ., concur.