IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74205-1-I |
| Appellant, | ) | |
| | ) | DIVISION ONE |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| MICHAEL TODD FERNANDEZ, | ) | |
| | ) | FILED: December 27, 2016 |
| Respondent. | ) | |
| | ) | |

BECKER, J. — This is the State's appeal from a downward exceptional sentence for second degree escape. Because the factors identified as supporting a downward departure were necessarily considered by the legislature in establishing the standard range, we reverse and remand for resentencing.

Respondent Michael Fernandez was serving a sentence for cocaine possession and identity theft. Two months into his sentence, he was placed in work release. His first full day in the work release program was April 30, 2015. He received a pass allowing him to leave for three hours to search for employment. He did not return.

Fernandez was arrested on a warrant two months later. He was returned to the Department of Corrections. The department terminated his work release placement and revoked good time credits he had earned on the sentence he was serving for cocaine possession and identity theft.

The State charged Fernandez with first degree escape, later amended to second degree escape pursuant to plea negotiations. He pled guilty. The presumptive sentencing range was 22 to 29 months based on the charge and Fernandez's offender score of six.

At a sentencing hearing, Fernandez told the court, "I made a mistake. The day I got to work release, I got high. . . . And once they let me out on a pass, I didn't come back." The State and defense counsel recommended 22 months, the sentence they had agreed to during plea negotiations. The court was reluctant to sentence Fernandez at even the lowest end of the standard range. The court expressed concern about how sentencing statutes treat nonviolent offenders afflicted with substance addiction or mental illness:

> And so what I have here is somebody who walked away from work release now looking at another two year sentence. For what purpose? To warehouse him?
> I'm just, I am, I got this gut reaction at this point in time that what we're doing is misguided. Our Sentencing Reform Act is taking this model that says repeat offenders who have substance abuse mental health issues, which I think historically when you look at the record, many of the underlying offenses, at least one or two, appear to be related to that. But we're not addressing those issues because when you go to Monroe, Walla Walla, there's no treatment. It's warehousing. And they let you out and they say, they give you no skills. . . . So I'm having this visceral response.

The court told Fernandez "were I to sentence you to 22 to 29 months, I couldn't look in the mirror."

The court reviewed RCW 9.94A.535(1), which sets forth a nonexclusive list of mitigating circumstances to support a downward exceptional sentence. At

the court's request, defense counsel agreed to draft proposed findings of fact and conclusions of law in support of a reduced sentence.[1]

After a second sentencing hearing, the court decided to impose an exceptional sentence of 30 days. The court adopted proposed findings of fact and conclusions of law in an order issued on October 26, 2015. The court identified three substantial and compelling reasons for an exceptional sentence. The offenses Fernandez was held on (identity theft and cocaine possession) were nonviolent; Fernandez's escape did not endanger the work release facility, its employees, or other inmates; and Fernandez lost "good time" as a result of escaping and lost his eligibility for future work release placements.

The State appeals and argues that none of these reasons justify the sentence.

Courts are generally required to impose a sentence within the standard range. RCW 9.94A.505(2)(a)(i); State v. Law, 154 Wn.2d 85, 94, 110 P.3d 717 (2005). The standard range is determined by the seriousness of the offense and the defendant's criminal history. See RCW 9.94A.510. The range represents the legislature's determination regarding appropriate sentencing. A court's disagreement with the legislature's determination cannot justify a departure from the standard range. Law, 154 Wn.2d at 101. Rather, a departure must be supported by substantial and compelling reasons related to the crime, the defendant's culpability for the crime, or the defendant's criminal record. RCW

---

[1] Defense counsel did not request an exceptional sentence or otherwise violate the plea agreement.

3

9.94A.340; RCW 9.94A.535; Law, 154 Wn.2d at 89. The court must state its reasoning in written findings of fact and conclusions of law. RCW 9.94.A.535.

Reviewing courts use a two-part test to determine whether a factor legally supports a departure from the standard range: (1) a trial court may not base an exceptional sentence on factors necessarily considered by the legislature in establishing the standard range and (2) the asserted aggravating or mitigating factor must be sufficiently substantial and compelling to distinguish the crime in question from others in the same category. State v. Ha'mim, 132 Wn.2d 834, 840, 940 P.2d 633 (1997), citing State v. Alexander, 125 Wn.2d 717, 725, 888 P.2d 1169 (1995).

We will reverse an exceptional sentence that relies on improper mitigating factors. RCW 9.94A.585(4). Our review is de novo. Law, 154 Wn.2d at 93.

The primary factor the court relied on was that Fernandez's escape did not endanger the work release facility, its employees, or other inmates. This is the only factor Fernandez defends in his briefing as a proper mitigating circumstance. The State contends this factor is improper because it was necessarily considered by the legislature.

The legislature ranks the seriousness of crimes based on their relative violence to society. State v. Calvert, 79 Wn. App. 569, 581, 903 P.2d 1003 (1995), review denied, 129 Wn.2d 1005 (1996). First degree escape is categorized as a class B felony with a seriousness level of IV. RCW 9.94A.515; RCW 9A.76.110. Second degree escape is categorized as a class C felony with a seriousness level of III. RCW 9.94A.515; RCW 9A.76.120. These crimes fall

on the low end of the seriousness list, which ranges from level I to level XVI. RCW 9.94A.515.

Because the legislature considers comparative violence when ranking seriousness, the nonviolent nature of a crime does not constitute a proper mitigating factor. Calvert, 79 Wn. App. at 581. Thus, in Calvert, the trial court's conclusion that "a forger should not be sentenced the same as a violent offender" was inadequate to support a downward exceptional sentence. Calvert, 79 Wn. App. at 574, 581; see also State v. Fowler, 145 Wn.2d 400, 404, 38 P.3d 335 (2002), citing State v. Nordby, 106 Wn.2d 514, 518 n.4, 723 P.2d 1117 (1986).

We adhere to the reasoning of Calvert and Fowler. The legislature considered whether and to what extent escape is a violent crime when ranking its seriousness and determined it is a relatively nonviolent crime. Fernandez's offender score, not the seriousness of the crime of escape, is the primary reason why the standard range was 22 to 29 months in his case. If second degree escape had been his first conviction, he would have faced a standard range of only one to three months. Clerk's Papers at 29.

The legislature did not have only prison breakouts in mind when it set the standard range for escape. As the result of an amendment enacted in 2001, failing to return to work release was subsumed into the statutes defining first and second degree escape. RCW 9A.76.110(1); RCW 9A.76.120(1). These statutes penalize escape from a "detention facility," a term defined to include work release as well as other places of confinement. RCW 9A.76.010(3).

5

Fernandez quotes comments made during a 2001 meeting of the House Committee on Criminal Justice and Corrections when the committee was hearing testimony on the proposal to amend the escape statute. He states that a representative "expressed his concern that failing to return would be treated 'the same or nearly the same as a violent escape.'" An individual legislator's comments from the floor do not necessarily reveal legislative intent. Spokane County Health Dist. v. Brockett, 120 Wn.2d 140, 154-55, 839 P.2d 324 (1992). To the extent this particular comment is relevant, it indicates that the legislature *did* consider whether the crime of escape should encompass a failure to return to work release.

All escapes have the potential to cause violence, either during the escape or later when the fugitive is arrested. If an offender commits a violent offense in the course of escaping, the violent offense may be charged separately. For instance, if Fernandez had attacked an employee of the work release facility or another inmate to facilitate his escape, he could have been charged and punished for assault in addition to escape. In that case, his presumptive sentence would have been longer.

The escape statutes distinguish between the three degrees of escape based on circumstances unrelated to whether a defendant used violence. See RCW 9A.76.110 to .130. Fernandez argues that because the three degrees are not differentiated on the basis of the level of violence used to escape, nonviolence is an appropriate mitigating factor. This conclusion does not necessarily follow. The State's argument is just as logical: There is no

differentiation by levels of violence because the legislature viewed violence as irrelevant to evaluating culpability for an escape.

To conclude, the fact that Fernandez walked away from work release without committing a violent act does not justify mitigation of his sentence. It fails the first prong of the test for mitigating factors. The legislature ranked second degree escape as a relatively nonviolent crime. Therefore, the standard range already assumes that second degree escape is nonviolent.

Another reason given by the court for imposing an exceptional sentence is the nonviolence of the offenses that Fernandez was serving time for when he escaped, identity theft and cocaine possession. The nonviolence of a defendant's past crimes "does not qualify as a mitigating circumstance" because criminal history is one of the components used to compute the presumptive range. Calvert, 79 Wn. App. at 581; see also Fowler, 145 Wn.2d at 406 ("a lack of a criminal history is not a mitigating factor because criminal history is already encompassed in the sentencing guidelines").

The court's third reason for mitigating the sentence was that Fernandez, as a result of escaping, lost "good time" credits and will not be eligible for future work release placements. This court has rejected loss of "good time" and other institutional sanctions as proper mitigating factors in escape cases. State v. Akin, 77 Wn. App. 575, 586, 892 P.2d 774 (1995).

At oral argument before this court, Fernandez suggested that the exceptional sentence is justified by his need for substance abuse treatment. He cited State v. O'Dell, 183 Wn.2d 680, 358 P.3d 359 (2015), for the proposition

that a sentencing court may consider as a mitigating circumstance a personal characteristic, such as drug addiction, if it drives a defendant's criminal behavior. While addiction is not mentioned in the written findings and conclusions, the order signed by the trial court incorporated the court's oral statements. In the oral ruling, the court lamented institutional failures and criticized the sentencing scheme for requiring a "draconian" and purely punitive response to a person "who is suffering from a medical condition."

A court must support its decision to impose an exceptional sentence with written findings and conclusions. RCW 9.94.A.535. Even if oral findings may be incorporated by reference, the court's oral statements did not include concrete, reviewable findings about drug use. There is scant evidence in the record demonstrating Fernandez suffers from an addiction, aside from speculative inferences based on his criminal history. It is unclear why, if Fernandez wanted to be treated for substance abuse, he did not seek and the court did not consider a treatment-based sentencing alternative. We conclude the record is insufficient both factually and legally to support affirming the exceptional sentence on the basis of a reason unspecified in the written order.

Having decided that the factors do not meet the first prong of the two-part test, we do not address the second prong of the test. See Alexander, 125 Wn.2d at 731. In addition to deciding whether the reasons for a mitigated sentence are adequate, reviewing courts also consider whether the reasons are supported by the record and if the sentence is clearly too lenient. RCW 9.94A.585(4). Given

our conclusion that the reasons in this case are inadequate, we do not address whether the other two standards are satisfied.

Fernandez's sentence is reversed. We remand for resentencing.

_Becker, J._

WE CONCUR:

_Spearman, J._          _Appelwick J_