IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 35703-1-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CECILY ZORADA McFARLAND, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, C.J. — Cecily McFarland appeals the sentencing court's

decision not to impose an exceptional mitigated sentence. Here, the sentencing court

refused to impose an exceptional mitigated sentence because it believed that the law did

not permit it to impose such a sentence. Because the sentencing court's reasoning is

inconsistent with *State v. McFarland*, 189 Wn.2d 47, 399 P.3d 1106 (2017), we reverse

and remand for resentencing.

FACTS

Ms. McFarland and her boyfriend stole firearms, ammunition, checkbooks,

alcohol, and electronics from the home of her ex-boyfriend's parents. Ms. McFarland's

boyfriend entered into a plea agreement with the State and received a 41-month drug

offender sentencing alternative (DOSA) sentence.

A jury found Ms. McFarland guilty of first degree burglary as an accomplice, 10

counts of theft of a firearm as an accomplice, and 3 counts of second degree unlawful

possession of a firearm. Relying on RCW 9.41.040(6) and RCW 9.94A.589(1)(c), the

trial court ordered the 13 firearm-related convictions to be served consecutively. This

resulted in a standard range sentence of 237 months (19 years, 9 months). The trial court

noted that the sentence was commensurate with what people typically received for second

degree murder, but believed it lacked discretion to run the firearm-related convictions

concurrent with each other.

## PROCEDURE

On appeal, the Washington Supreme Court reversed Ms. McFarland's sentence.

*McFarland*, 189 Wn.2d at 59. The court first gave an overview of the Sentencing Reform

Act of 1981 (SRA), chapter 9.94A RCW. In its overview, the court emphasized that the

SRA operates to provide structure to sentencing, but does not eliminate a trial court's

discretion when sentencing an offender. *Id.* at 52. "Consistent with the SRA, a court

'may impose a sentence outside the standard sentence range for an offense if it finds,

considering the purpose of [the SRA], that there are substantial and compelling reasons

2

justifying an exceptional sentence.'" *Id.* (alteration in original) (quoting

RCW 9.94A.535).

The court next discussed RCW 9.41.040(6) and RCW 9.94A.589(1)(c). Those

provisions require a sentencing court to impose consecutive sentences for multiple

firearm-related convictions. However, the court determined that the mandatory language

of those provisions is subject to RCW 9.94A.535(1)(g). *Id.* at 55. RCW 9.94A.535(1)

provides:

> The court may impose an exceptional sentence below the standard
> range if . . . .
>     . . . .
> (g) The operation of the multiple offense policy of RCW 9.94A.589
> results in a presumptive sentence that is clearly excessive in light of the
> purpose of this chapter, as expressed in RCW 9.94A.010.

Quoting RCW 9.94A.535(1)(g), the court held, "in a case in which standard range

consecutive sentencing for multiple firearm-related convictions 'results in a presumptive

sentence that is clearly excessive in light of the purpose of [the SRA],' a sentencing court

has discretion to impose an exceptional, mitigated sentence by imposing concurrent

firearm-related sentences." *Id.* The court remanded for resentencing "to allow the trial

court the opportunity to consider whether to impose a mitigated sentence by running [one

or more of] McFarland's 13 firearm-related sentences concurrently." *Id.* at 50.

On remand, McFarland requested that the sentencing court impose an exceptional mitigated sentence of 41 months. She argued (1) an exceptional sentence was appropriate because the standard range sentence is comparable to a sentence for second degree murder, (2) her codefendant received a 41-month DOSA sentence even though his culpability was greater than hers, and (3) she has since been rehabilitated and, therefore, public safety did not require a lengthy and costly prison sentence.

The sentencing court heard argument and issued a written decision. The court noted the Supreme Court gave it authority to impose concurrent sentences for multiple firearm-related convictions, but only if it concluded that the presumptive sentence was "clearly excessive in light of the purpose of the [SRA]." Clerk's Papers (CP) at 126. The court noted that sentences outside the standard range must be supported by written findings of fact and conclusions of law. But the court complained, "Neither the Supreme Court nor Ms. McFarland's counsel has suggested what this court should write in order to satisfy this requirement. Furthermore, the reasons suggested are insufficient as a matter of law." CP at 127.

The sentencing court addressed McFarland's three bases for imposing an exceptional mitigated sentence. Citing *State v. Allert*, 117 Wn.2d 156, 169, 815 P.2d 752 (1991), the court wrote, "This Court's subjective determination that Ms. McFarland's

4

standard range is unwise or that it does not advance the goals of the SRA does not justify

a mitigated sentence." CP at 128. Citing *State v. Rice*, 159 Wn. App. 545, 574-75, 246

P.3d 234 (2011), *aff'd*, 174 Wn.2d 884, 279 P.3d 849 (2012), the court wrote, "disparities

resulting from plea bargaining are not inconsistent with the purposes of the SRA." CP at

128. Citing cases such as *State v. Roberts*, 77 Wn. App. 678, 685, 894 P.2d 1340 (1995),

the court wrote, "Neither Ms. McFarland's good conduct following commission of the

crime, nor her need for treatment, nor her amenability to improvement by means other

than incarceration, nor her remorse, make[s] her sentence clearly excessive under the

policies of the SRA." CP at 129 (citations omitted).

Ultimately, the sentencing court blamed prosecutorial discretion for McFarland's

excessive sentence. The court wrote:

> As must be evident from this Court's previous remarks, this Court
> does feel a sentence of almost twenty years in prison in Ms. McFarland's
> case is excessive. If, as it appears, she is really being punished for refusing
> a plea bargain, fourteen years (the difference, more or less, in her sentence
> and her co-defendant's) is still excessive. But if it is excessive, it is so
> because of the charging decision the prosecution made in this case.

CP at 129.

The sentencing court concluded:

> For this Court to accept . . . a veiled invitation from our highest court
> to disregard the above cited authorities would be inconsistent with this
> Court's duty to follow the law. It also . . . would enable our higher courts to

5

avoid the difficulties presented by applying substantive due process requirements to prosecutorial discretion. For these reasons, this Court declines to impose a mitigated sentence in Ms. McFarland's case.

CP at 130.

## ANALYSIS

Ordinarily, a standard range sentence may not be appealed. RCW 9.94A.585(1). But "[r]emand for resentencing is often necessary where a sentence is based on a trial court's erroneous interpretation of or belief about the governing law." *State v. McGill*, 112 Wn. App. 95, 100, 47 P.3d 173 (2002).

Here, the Supreme Court directed the sentencing court to exercise its discretion to consider an exceptional mitigated sentence in accordance with RCW 9.94A.535(1)(g). RCW 9.94A.535(1)(g) explicitly requires the sentencing court to consider the purpose of the SRA, as expressed in RCW 9.94A.010. To the extent, if any, the authorities cited by the sentencing court forbid it from considering the purpose of the SRA, those authorities are not controlling under an RCW 9.94A.535(1)(g) analysis. For this reason, we review and reverse the trial court's standard range sentence.

RCW 9.94A.535(1)(g) permits imposition of an exceptional mitigated sentence when "[t]he operation of the multiple offense policy of RCW 9.94A.589 results in a

6

presumptive sentence that is clearly excessive in light of this purpose of [the SRA], as expressed in RCW 9.94A.010." Here, the presumptive sentence is nearly 20 years.

According to RCW 9.94A.010, the purpose of the SRA is to provide a system for sentencing felony offenders that structures but does not eliminate sentencing discretion, and to:

> (1) Ensure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history;
> (2) Promote respect for the law by providing punishment which is just;
> (3) Be commensurate with the punishment imposed on others committing similar offenses;
> (4) Protect the public;
> (5) Offer the offender an opportunity to improve himself or herself;
> (6) Make frugal use of the state's and local governments' resources; and
> (7) Reduce the risk of reoffending by offenders in the community.

On remand, the trial court should consider the seven policies listed in RCW 9.94A.010. *See State v. Graham*, 181 Wn.2d 878, 887, 337 P.3d 319 (2014) ("Sentencing judges should examine each of these policies when imposing an exceptional sentence under [the multiple offense policy mitigating factor of] .535(1)(g)."). To the extent some policies are relevant, the trial court should discuss those; to the extent other policies are not relevant, the trial court should say so. If the presumptive sentence of nearly 20 years is clearly excessive in light of the purpose of the SRA as expressed in

7

RCW 9.94A.010, the trial court should impose an exceptional mitigated sentence by running one or more of the 13 firearm-related convictions concurrent.

The dissent cites intermediate appellate cases for the proposition that RCW 9.94A.589(1)(c) is reserved for instances when the effect of the additional crimes is "'nonexistent, trivial or trifling.'" Dissent at 3 (citing *State v. Sanchez*, 69 Wn. App. 255, 261, 848 P.2d 208 (1993); *State v. Calvert*, 79 Wn. App. 569, 582-83, 903 P.2d 1003 (1995); *State v. Hortman*, 76 Wn. App. 454, 463, 886 P.2d 234 (1994)). The dissent suggests, on remand, the trial court need only reiterate its prior conclusion that the theft and possible distribution of 12 firearms to up to 12 unknown persons has a far greater risk to society than the theft of a single firearm. We disagree.

The dissent's argument fails to recognize the import of *McFarland*. *McFarland* holds, notwithstanding RCW 9.94A.589(1)(c), that the multiple offense policy mitigating factor of RCW 9.94A.535(1)(g) permits a trial court to impose concurrent sentences for multiple firearm-related convictions. *McFarland*, 189 Wn.2d at 55. RCW 9.94A.535(1)(g) permits a trial court to mitigate the presumptive consecutive sentences for multiple firearm-related convictions if the "presumptive sentence . . . is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010." *McFarland* hints, and *Graham* makes explicit, that RCW 9.94A.535(1)(g) requires the

8

trial court to consider the seven purposes of the SRA, as expressed in RCW 9.94A.010, when determining whether to impose an exceptional mitigated sentence. *Graham*, 181 Wn.2d at 887. The cases cited by the dissent do not require an examination of the seven purposes of the SRA. For this reason, *McFarland* announces a rule beyond the rule announced in the cases cited by the dissent.

RAMIREZ *MOTION*

McFarland filed a supplemental motion to strike her criminal filing fee. She argues, pursuant to *State v. Ramirez*, 191 Wn.2d 732, 426 P.3d 714 (2018), we should instruct the trial court to strike the $200 criminal filing fee. The State responded and agreed that the filing fee should be struck. We, therefore, grant her motion.

Reversed and remanded.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, C.J.

I CONCUR:

Pennell, J.

9

No. 35703-1-III

KORSMO, J. (dissenting) — The trial judge knew exactly what his options were at the resentencing. The entire hearing was about whether or not Cecily McFarland deserved an exceptional sentence. The judge was not ignorant about his possible options simply because he declined to impose an exceptional sentence. The problem was with the way defense counsel argued the point; no persuasive argument was delivered to justify an exceptional sentence under the well understood bases for analyzing this factor. Thus, I dissent from a useless remand to make the trial judge again do exactly what he has already told us he did.

An exceptional sentence is appropriate only if the trial court finds "substantial and compelling" reasons to go outside the standard range. RCW 9.94A.535. Stated another way, an exceptional sentence is appropriate when the facts of a case are atypical and result in a harm either more or less egregious than the norm. *E.g.*, *State v. Akin*, 77 Wn. App. 575, 892 P.2d 774 (1995) (escape was less egregious than typical, justifying mitigated sentence); *State v. Altum*, 47 Wn. App. 495, 735 P.2d 1356 (1987) (rape was more egregious than typical, justifying aggravated sentence), *overruled on other grounds by*, *State v. Parker*, 132 Wn.2d 182, 190, 937 P.2d 575 (1997).

However, here the court imposed a standard range sentence. By statute and case law, Ms. McFarland cannot challenge that sentence. RCW 9.94A.585(1); *State v. Grayson*, 154 Wn.2d 333, 338, 111 P.3d 1183 (2005). Instead, all she can challenge is the trial court's failure to follow a *mandatory* procedure at sentencing. *State v. Mail*, 121 Wn.2d 707, 712, 854 P.2d 1042 (1993). She has failed to do so.

The mitigating factor at issue in this case stems from an early amendment to the Sentencing Reform Act of 1981 (SRA), chapter 9.94A RCW. *See* LAWS OF 1984, ch. 209, § 24. Now codified at RCW 9.94A.535(1)(g), the provision states: "The operation of the multiple offense policy of RCW 9.94A.589 results in a presumptive sentence that is clearly excessive in light of the purpose of this chapter, as expressed in RCW 9.94A.010."

The multiple offense policy is not a carte blanche authority to overrule a standard range sentence that, in the subjective opinion of a trial judge, is unduly harsh. Instead, the multiple offense policy mitigating factor is reserved for those rare cases where the cumulative effect of the current crimes is disproportionate. This mitigating factor has been the subject of significant litigation over the years and has a well understood test. Each division of this court has adopted the test first set forth by Division Two of this court in *State v. Sanchez*, 69 Wn. App. 255, 848 P.2d 208 (1993). *See State v. Calvert*, 79 Wn. App. 569, 903 P.2d 1003 (1995) (Division Three); *State v. Hortman*, 76 Wn. App. 454, 886 P.2d 234 (1994) (Division One). The test is whether the effect of the

2

additional crimes is "nonexistent, trivial or trifling." *Sanchez*, 69 Wn. App. at 261;

*Calvert*, 79 Wn. App. at 582-583; *Hortman*, 76 Wn. App. at 463.[1]

This factor typically plays out in cases where multiple convictions for the same

crime are entered; the analysis focuses on the impact of each crime. Both *Sanchez* and

*Hortman* involved purchases of drugs by informants from the defendant on several

occasions. The effect of the drug offense multiplier for the other crimes served to move

each defendant quickly up the offender score category, but there was little additional

harm to society from each additional purchase. *Hortman*, 76 Wn. App. at 463-464;

*Sanchez*, 69 Wn. App. at 261-262. In each instance, the exceptional mitigated sentence

was upheld. *Hortman*, 76 Wn. App. at 464; *Sanchez*, 69 Wn. App. at 263. In *Calvert*,

the defendant (as an accomplice) committed five forgeries that resulted in the total loss of

$1,575. 79 Wn. App. at 572, 582-583. Applying *Sanchez* and determining that there was

little difference between writing five checks and one check in order to steal that sum, this

---

[1] This test derives from the Washington Supreme Court's construction of the similar aggravating factor, once found in former RCW 9.94A.390(4)(h) (1984) that the multiple offense policy results in a sentence that is "clearly too lenient." *See State v. Batista*, 116 Wn.2d 777, 808 P.2d 1141 (1991). Those standards are now incorporated into current RCW 9.94A.535(2).

3

court upheld the trial court's entry of an exceptional sentence. *Id*. at 583-584.[2]

The trial judge demonstrated his understanding of this mitigating factor at the

resentencing hearing. With his customary eloquence, Judge Knodell wrote a letter[3]

opinion explaining (1) the issue in front of him, (2) what Ms. McFarland needed to do in

order to establish that an exceptional sentence was appropriate, and (3) how she failed in

that task. The letter began by noting that the Washington Supreme Court had remanded

the case in order for him to "meaningfully consider" the request for an exceptional

sentence:

> This Court takes that to mean that it must now consider whether its
> original sentence was clearly excessive in light of the purposes of the SRA.
> If it so finds, it must resentence her and run one or more firearm
> enhancements concurrently with each other.

---

[2] Division One subsequently followed *Calvert* in *State v. Kinneman*, 120 Wn. App. 327, 84 P.3d 882 (2003).

[3] While the letter opinion would make a fine appellate opinion affirming the trial court's ruling, I disagree with it in two respects. First, there was no need to write it. A court need only consider an exceptional sentence request; it need not explain why it rejected the request. If the court had not written the letter, this appeal would have been summarily affirmed. Second, the letter suggests that the Washington Supreme Court must have thought there was a factual basis for the exceptional sentence or else it would have affirmed for lack of prejudice. Clerk's Papers (CP) at 127. I disagree. The court took review of the case to determine if the multiple offense mitigating factor applied to theft of firearm charges in light of RCW 9.41.040(6). Since the defendant had not argued this mitigating factor to the trial court at the initial sentencing, there was no factual basis for the court to consider.

4

No. 35703-1-III
*State v. McFarland—Dissent*

Clerk's Papers (CP) at 126.[4] The letter reaffirmed this same understanding on the very

next page. CP at 127.

The court then recited its knowledge of the appropriate standards for adjudging a

"clearly too excessive" mitigating factor:

> As one authority observes, "Under this mitigating factor, the analysis
> focuses on the difference between the effect of one of the defendant's
> crimes and the cumulative effect of all of them. If this difference is
> nonexistent, trivial, or trifling, a sentence below the standard range is
> justified." 13 B SETH A. FINE & DOUGLAS J. ENDE, WASHINGTON
> PRACTICE, CRIMINAL LAW, sec. 4008 (1998).

CP at 128.

The judge then explained that Ms. McFarland had not given him a factual basis on

which to declare an exceptional sentence. When the trial court articulated the *Sanchez*

standard at resentencing, Ms. McFarland's counsel disagreed with the test.[5] Report of

---

[4] Despite the trial judge's clear recognition of the task in front of him, the majority sends the case back to again do the same thing. *See* Majority at 8-9.

[5] The majority demonstrates its misunderstanding of the mitigating factor in its discussion of *State v. Graham*, 181 Wn.2d 878, 887, 337 P.3d 319 (2014). The noted *Graham* citation merely cited the text of RCW 9.94A.535(1)(g) and RCW 9.94A.010. *Graham* did not purport to describe a new test for .535(1)(g) nor did it overrule existing case law applying the mitigating factor. *All* exceptional sentences of any variety must be consistent with the policies of the SRA. *See* RCW 9.94A.535 (first sentence) ("The court may impose a sentence outside the standard sentence range for an offense if it finds, *considering the purpose of this chapter*, that there are substantial and compelling reasons justifying an exceptional sentence.") (emphasis added)). The actual holding of *Graham* is that the mitigating factor can apply to serious violent offenses sentenced under RCW 9.94A.589(1)(b). *Id.* at 885.

5

Proceedings at 73. Nonetheless, the court noted that this standard was correct and then applied it, concluding:

> In this case, the theft or possession of stolen firearms and possible distribution of twelve firearms, to up to twelve unknown persons, presents a far greater risk to society than the theft of a single firearm.

CP at 128. The court then went on to consider, and reject, all of the arguments that were made on behalf of Ms. McFarland, explaining why none of them were legally available. CP at 128-129. Ms. McFarland had the opportunity to make her argument, but she produced little more than a "taint fair" complaint.[6]

Accordingly, the court concluded that an exceptional sentence was inappropriate in Ms. McFarland's case. The logic was impeccable. That should be the end of our analysis.

However, the majority apparently equates the trial judge's unhappiness with the length of the standard range sentence with presumed inability to do so something about

---

[6] Mere disagreement with a standard sentence range is not a basis for an exceptional sentence. *State v. Freitag*, 127 Wn.2d 141, 144-145, 896 P.2d 1254, 905 P.2d 355 (1995). Factors related to the defendant, as opposed to the offense itself, are not a basis for a mitigated exceptional sentence. *State v. Law*, 154 Wn.2d 85, 101-104, 110 P.3d 717 (2005). Similarly, judicial disagreement with presumptive punishment is not a basis for setting aside an exceptional sentence. *Id.* at 95-96 (citing *State v. Pascal*, 108 Wn.2d 125, 137-138, 736 P.2d 1065 (1987)). The standard ranges reflect the legislative balancing of the purposes of the SRA. *Id.* Courts, therefore, may not consider factors already used by the legislature in calculating the sentence range as a basis for an exceptional sentence. *Id.* at 95.

6

it.[7] That view seriously misapprehends what happened at resentencing. The trial judge conscientiously followed the law rather than substituting his personal feelings about the appropriate sentence length. We should be affirming that outcome because the judge did what he was required to do—*consider* the request for an exceptional sentence. He considered the matter at great length both at a hearing called specifically for that purpose and then in writing. He could do no more.

Accordingly, we should be affirming. I respectfully dissent from the majority's decision to do otherwise.

Korsmo, J.

---

[7] Judge Knodell's unhappiness related to the prosecutor's charging policies, not the standard range. Once Ms. McFarland turned down a plea bargain that would have left her in a position similar to her codefendant, the prosecutor charged all available counts for trial. Just as he did here, CP at 129-130, Judge Knodell once expressed his unhappiness with prosecutorial discretion in this context as a member of this court. *See State v. DeLeon*, 185 Wn. App. 171, 219-221, 341 P.3d 315 (2014) (Knodell, J.P.T., concurring), *rev'd on other grounds*, 185 Wn.2d 478, 374 P.3d 95 (2016); *id.* at 224 n.14 (Korsmo, J., dissenting).

7